**Shelton Joseph GREEN, Appellant,**

v.

**HOUSTON BELT & TERMINAL RAILWAY CO., Appellee.**

**No. 1704.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 16, 1977.

Max Garrett, Garrett & Letbetter, George Payne, Garrett & Letbetter, Houston, for appellant.

William W. Vernon, Fulbright & Jaworski, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment granted the defendant in a Federal Employers' Liability Act (FELA) suit for personal injuries.

The appellant, Shelton Joseph Green (Green) was employed by the appellee, Houston Belt & Terminal Railway Company (Houston Belt), as a field man on a railroad switching crew. In the early morning hours of March 19, 1975, Green was engaged in coupling railroad cars to form a train on Track 13 in Houston Belt's railroad yard. There was a clearance of approximately three feet between the cars that he was coupling and cars on an adjacent railroad track. When Green finished, he signaled for the train to move out. In accordance with yard rules, Green mounted the side of the last car in the train in order to ride out of Track 13. Green claims that, while riding out of Track 13, he was struck by a piece of metal protruding from a stationary boxcar on the adjacent track and knocked to the ground. Green sustained severe personal injuries. He sued Houston Belt under the FELA. Green appeals from a verdict and judgment in favor of Houston Belt.

In his four points of error, Green complains of the failure of the trial court to grant his motion for new trial. He argues that he is entitled to a new trial because the court improperly excluded certain testimony by expert witnesses. The expert testimony excluded was that of Houston Belt employees, to the effect that the railroad car from which the metal bar extended was an unsafe piece of equipment, and that the area between the two railroad tracks was an unsafe place in which to work.

█ Special issue number one inquired of the jury whether Houston Belt failed to furnish Green "with a reasonably safe place in which to work or . . . with reasonably safe equipment on or near which to work." Green sought to have the experts testify, therefore, as to their opinions on an ultimate factual issue in the case. We agree with Green that the trial court properly could have admitted the expert testimony regarding an ultimate factual issue in the case. *McCrory's Stores Corporation v. Murphy*, 164 S.W.2d 735 (Tex.Civ.App.—Fort Worth 1942, writ ref'd w. o. m.).

█ A trial court is endowed with broad discretion, however, in deciding whether to admit expert opinion testimony regarding factual conclusions. *Burns v. Bridge Engineering Corporation*, 465 S.W.2d 427 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.). Although the expert witnesses were not allowed to state their opinions regarding ultimate factual issues at trial, they were allowed to testify to the facts upon which those opinions were based. The jury was as well qualified to form an opinion regarding the ultimate factual issues as were the expert witnesses. Expert testimony in the form of opinions regarding those ultimate factual issues would have been superfluous. The trial court did not abuse its discretion in refusing to admit the testimony. *Missouri Pacific Railroad Co. v. Ramirez*, 326 S.W.2d 50 (Tex.Civ.App.—Waco 1959, writ ref'd n. r. e.); *see Hopkins v. State*, 480 S.W.2d 212, 218–20 (Tex.Cr.App.1972).

Appellant's points of error having been fully considered and overruled, the judgment of the trial court is hereby affirmed.

Affirmed.