**Kelley GROSS, Plaintiff-Appellant,**

v.

**BLACK & DECKER (U.S.), INC., Defendant-Appellee.**

**No. 81–1526.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1983.

Wallace Craig, Inc., Wallace Craig, Jean Bishop, Fort Worth, Tex., for plaintiff-appellant.

J.M. Lee, James Rod Tanner, Fort Worth, Tex., for defendant-appellee.

Before BROWN, RUBIN and REAVLEY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this third party liability action against Black & Decker, Inc. arising out of the amputation of the fingers of plaintiff's left hand in October, 1979, plaintiff alleges errors in permitting the introduction of evidence concerning the alleged negligence of plaintiff's employer, in rulings on defendant's duty to warn, contributory negligence, strict liability, and errors in the jury's findings. Because we find evidence sufficient to support both the jury's and the court's holdings, we affirm.

### I.

The plaintiff, Kelley Gross (Gross), was employed by Sevadjian Furniture Company. On October 8, 1979, while working with a radial arm saw, Gross' left hand came in contact with the blade, by means unknown to her, amputating her fingers. Although one finger was surgically attached, Gross does not have full use of that finger.

The saw responsible for Gross' injuries was manufactured by the defendant, Black & Decker. The saw was manufactured in 1969 and purchased from Parks Machinery Company of Dallas, Texas, in September, 1974. At the time of the initial sale in 1969, a lower blade guard (anti-kickback device) was sold as optional equipment for the saw.

The device effectively shielded the lower portion of the radial saw's blade and prevented the blade from coming in contact with objects approaching it from the side.

There was no anti-kickback device on the radial saw operated by Gross. The saw had no warnings attached to notify users of the existence of the safety device, nor did the manual which accompanied the saw at sale (which had been lost prior to the accident) contain any mention of the device. Gross was not aware of the existence of the anti-kickback device.

Plaintiff brought suit against Black & Decker for personal injuries alleging that the saw as marketed was defective and unreasonably dangerous to her as an ordinary user, and that the manufacturer was negligent in the marketing of the saw. Gross' employer, who was covered by worker's compensation insurance, was not joined in the case. Black & Decker asserted a defense of sole cause based upon the alleged failure of Gross' employer to warn of safety equipment and to provide that equipment. Black & Decker argued that these failures vitiated any responsibility it had to warn.

Though the jury found that Black & Decker knew that the anti-kickback device was not being used, that injuries were occurring, and that it put no warnings on its saws, the jury found that the product was not unreasonably dangerous and that Black & Decker was not negligent. Gross moved for j.n.o.v. The court denied the motion and entered judgment for Black & Decker. Gross appeals.

## II.

### A. *Employer's Negligence*

Gross asserts as her first basis for appeal that the trial court erred in admitting evidence relating to the negligence and other alleged wrongful acts of her employer. Gross claims that the introduction of such irrelevant evidence is prohibited by Fed.R. Evid. 402.[1] Moreover, she argues that the admission of such evidence constitutes reversible error under Texas law if such evidence improperly influences the jury. *Newspapers, Inc. v. Love,* 380 S.W.2d 582 (Tex.1964). Finally, she argues that even if such evidence was relevant it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice it poses. Fed.R.Evid. 403;[2] *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.,* 630 F.2d 250 (5th Cir.1980). *See LaMade v. Wilson,* 512 F.2d 1348 (D.C. Cir.1975). We cannot agree with Gross that the evidence of her employer's negligence or other wrongful acts was irrelevant nor do we find such evidence unfairly prejudicial. On that basis, we hold that it was properly admitted.

In its pleadings, Black & Decker alleged that Gross' employer's failure to warn or failure to provide safety equipment was the sole cause of Gross' injury. Under Texas law, if it is the position of a defendant that he is entitled to be absolved of liability because the event in question was caused by the negligence of a codefendant or of a party to the event who is not a party to the suit, he may protect himself through pleadings, proof, and findings that the negligence of such person was the sole proximate cause of the event. *Dallas Railway & Terminal Co. v. Bailey,* 151 Tex. 359, 250 S.W.2d 379 (1952); *see* 40 Tex.Jur.2d, Rev., Part 2, Negligence § 16. On that basis, the trial court permitted Black & Decker to

---

1. **Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**
 All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. *Evidence which is not relevant is not admissible.* (emphasis added).

2. Fed.R.Evid. 403 provides:

**Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

introduce supporting evidence relating to Gross' employer's alleged negligence.

 Gross argues that by permitting the sole cause pleading and supporting evidence of her employer's activities, the trial court implicitly held that the employer, and not Black & Decker, was the only party required to warn and to provide safety devices to Gross. On this basis, she argues that Black & Decker was permitted to shift impermissively its duty to warn to another party. We decline to construe the District Court's decision in the manner advocated by the plaintiff.

By allowing evidence of employer's activities to be admitted, the District Court did only as it is required to do under Texas law. For this reason, admission of such evidence in no way amounts to placing the duty to warn on one party or another. Admitting evidence on sole cause does not in any manner abrogate the cause of action against a supplier of chattels for negligent failure to warn,[3] see *Kirby Lumber Corp. v. Murphy,* 271 S.W.2d 672 (Tex.Civ.App.1954), nor does it permit a manufacturer to shift its duty to take reasonable precautions to protect users of its products.

 Gross further alleges that the admission of evidence on employer's conduct was improper because Sevadjian is a subscriber under the Texas Worker's Compensation Law, Tex.Rev.Civ.Stat.Ann. Arts. 8306–07 (Vernon 1967). As such, Gross' employer cannot be sued for contribution or indemnity. This being the case, she argues that there is no justification for considering its fault as a joint tort feasor.

In so arguing, Gross misses the point of the trial court's having admitted evidence of employer's liability. Evidence was admitted not to show concurrent liability but instead to support the contention that in an operational and legal sense it was employer's conduct, and not Black & Decker's, that

resulted in Gross' injury. That being the case, the fact that Sevadjian was covered by the Texas Worker's Compensation Law should not bar the admission of evidence on sole cause. In fact, in her Reply Brief, Gross acknowledges this result when she says, "No Texas case has held that the wrongful conduct of a non-joined party can be considered by the jury in a tort case *unless that conduct is alleged to be the sole cause* or a superseding cause of the injury." (Reply Brief of Appellant at 10).

 Gross argues finally that the conduct of her employer simply cannot be the *sole* cause of her injuries. On that basis, she contends that such evidence was improperly admitted. Simply because Black & Decker could not sustain its sole cause defense, or that Gross was able to negate it, as suggested above, by presenting evidence of her own, does not mean that Black & Decker was not entitled to assert the defense at all. To hold otherwise would require the court to decide the question of the validity of the defense on the merits before it could even be pleaded. We refuse to impose such a requirement here and hold that the trial court was correct in allowing Black & Decker to raise the defense.

Because we find that evidence of Gross' employer's responsibility was properly admitted as relevant to the issue of causation, we need not reach the question of whether, given an error in the admission of evidence relating to the employer's misconduct, such error was harmless.

We must, however, address Gross' suggestion that even relevant evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. Fed.R. Evid. 403, note 2 *supra; Lubbock Feed*

---

3. The district judge made it clear in his charge to the jury that, under specified circumstances, the manufacturer has a duty to warn potential users of its products when he said:

> You are instructed that a manufacturer may be negligent if he fails to warn of a risk

of harm if he knows or should have known of that risk. In addition, a manufacturer may be negligent if he fails to give adequate warnings or instructions as to how to avoid risks and dangers inherent in the use of his product.

*Lots,* 630 F.2d 250. The Advisory Committee on Proposed Rules in its notes following Rule 403, suggest that " 'unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See* 10 A. Lucas and J. Moore, Moore's Federal Practice § 403.10[1] (1982). As suggested by the commentators, since the rule requires that the probative value of the challenged evidence be "substantially outweighed" by the danger of prejudice, the rule favors admissibility of relevant evidence. *Moore, supra,* § 403.02[3]. Cf. *Papizzo v. O. Robertson Transport, Ltd.,* 401 F.Supp. 540, 542 (E.D.Mich.1975). Thus, a slight danger that the admission of such evidence will cause unfair prejudice is to be ignored. *United States v. Hearod,* 499 F.2d 1003 (5th Cir.1974). Moreover, the commentators suggest that "by restricting the rule to evidence which will cause *'unfair prejudice'* the draftsman meant to caution courts that mere prejudicial effect is not sufficient reason to refuse admission. Probative evidence will frequently be prejudicial to a party, but that does not mean that it will cause the factfinder to ground a decision on an emotional basis." *Moore, supra,* § 403.10[1]; cf. *Catalano v. United States,* 491 F.2d 268, 273 (2d Cir.1974), *cert. denied,* 419 U.S. 825, 95 S.Ct. 42, 42 L.Ed.2d 48 (1974); *Travis v. United States,* 269 F.2d 928, 939 (10th Cir.1959), *reversed on other grounds,* 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961).

■ In weighing the probative value of the evidence against the danger of unfair prejudice, the courts must first examine the necessity for and probative effect of the evidence. We found above that the evidence of employer's misconduct was relevant to Black & Decker's sole cause defense. Thus, evidence that the acts of Gross' employer might have been the sole cause of her injuries has substantial probative value.

■ A second factor to be taken into consideration in measuring the admissibility of potentially prejudicial evidence is whether the same facts could have been proved by other evidence. One can think of no other kind of evidence available to demonstrate that the acts of Gross' employer were the sole cause of her injuries.

Weighing all these factors, we cannot find that the evidence of plaintiff's employer's misconduct was unfairly prejudicial so as to warrant its exclusion. Gross' first basis of appeal is without merit.

### B. *Duty to Warn*

Gross' second group of arguments on appeal relates to Black & Decker's duty to warn users of its radial arm saw. Gross suggests first that the trial court erred in denying her Motion for Directed Verdict because the evidence conclusively established as a matter of law that Black & Decker was negligent for failure to warn its users of the existence and use of the lower blade guard and anti-kickback device as safety equipment on its radial arm saw. Second, Gross alleges that the trial court erred in rendering its judgment based upon the verdict of the jury because the jury's answers to the issues relating to negligent failure to warn were against the clear weight of the evidence. Third, she alleges error in denying her Motion for Directed Verdict because the evidence conclusively established that Black & Decker was guilty of gross negligence for failure to warn. Finally, Gross argues that the trial court erred in rendering judgment based on the jury's verdict because its answers to the issues relating to gross negligence for failure to warn were against the clear weight of the evidence.

We find no error in the trial court's decision regarding Black & Decker's failure to warn and we point out that disposition of negligence issues necessarily disposes of those involving gross negligence. Moreover, we may consider Gross' alleged errors concerning her motion for j.n.o.v. and for directed verdict together because the standards for granting both motions are the same. *O'Neill v. W.R. Grace & Co.,* 410 F.2d 908, 911 (5th Cir.1968) ("the standard to be followed in ruling upon a motion for judgment notwithstanding the verdict is the same as that to be followed regarding

the motion for directed verdict; indeed, a judgment notwithstanding the verdict technically is a 'judgment entered in accordance with ... [the] motion for directed verdict' ").

▮ The standard for granting a Motion for Directed Verdict is set forth in *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc). In *Boeing,* the court held that the standard to be used to review the granting or denial of a motion for Directed Verdict or j.n.o.v. requires that the court determine whether, when viewing the evidence in the light most favorable to the party opposing the motion, "reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id. See Bunch v. Walter,* 673 F.2d 127, 130–31 n. 4 (5th Cir.1982) for a complete discussion of standards of review of motions for new trial, directed verdict, j.n.o.v. and challenges to the sufficiency of the evidence. Thus, here we must consider the evidence in the light most favorable to Black & Decker and give it the advantage of every fair and reasonable intendment that evidence can justify. *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962). In determining whether the evidence is sufficient to create a jury question and to defeat a Motion for Directed Verdict or Motion for j.n.o.v., this court will apply federal rather than state standards. *Boeing Co. v. Shipman,* 411 F.2d at 374–75.

▮ Measured by this standard, we hold that the trial court was correct in denying Gross' Motions for Directed Verdict and j.n.o.v. on the issues of negligence and gross negligence. Black & Decker presented expert testimony to establish that it had used due care in warning its users. Moreover, Black & Decker introduced evidence that use of the lower blade guard often created greater hazards than it prevented. Third, its evidence permitted the inference that Black & Decker could not have ensured Gross' safety by attaching warnings to the saw. Black & Decker presented evidence indicating that the anti-kickback device was standard equipment on the saw and that the owners' manual accompanying the machine instructed the user not to remove the device. Finally, Black & Decker presented evidence that proper training might have prevented the accident. On this basis, we cannot say that there was but one reasonable conclusion as to the verdict. Motion for Directed Verdict and for j.n.o.v. were properly denied.[4]

▮ Gross argues that the trial court erred in rendering judgment based on the verdict of the jury because its answers to the issues relating to negligent failure to warn[5] and to gross negligence for failure to

---

4. By deciding the negligence and gross negligence issues in favor of Black & Decker, we eliminate the need to address Black & Decker's argument that it had no duty to warn under *Hagans v. Oliver Machinery Co.,* 576 F.2d 97, 102 (5th Cir.1978). In *Hagans,* the court held that the dangers inherent in the use of a saw, similar to the one used by Gross, without the lower blade guard and anti-kickback device were open and obvious. For that reason, it held that no duty to warn arose. Here, the jury found that although Black & Decker knew of the dangers of the saw (*see* special interrogatories 1–5, note 8 *infra* ), it was not negligent (*see* special interrogatories 6(c), 6(d), 6(e), 6(f), 7(c), 7(d), 7(e), 7(f), 9(a) and 9(b), notes 5, 6, and 7 *infra* and Section E *infra* ). Thus, the jury, in effect, arrived at the same conclusion it would have reached under *Hagans.* We, therefore, see no need to address *Hagans* further.

5. *QUESTION 6:* Do you find from a preponderance of the evidence that Defendant, BLACK & DECKER either:

| | ANSWERS |
|---|---|
| (c) Failed to use due care by marketing the radial arm saw in question without a warning that a lower blade guard existed and should be used? | No |
| (d) Failed to use due care by marketing the radial arm saw in question without a warning that the anti-kickback device should not be removed? | No |
| (e) Failed to use due care by marketing the radial arm saw in question without a warning that the anti-kickback should be adjusted so as to function as a barrier guard to protect the user? | No |

warn [6] were against the clear weight of the evidence. This Court affords great deference to jury findings. The Seventh Amendment to the Constitution provides that no fact tried by a jury shall be re-examined by any court of the United States except according to the rules of common law. For that reason, an appellate court may not reweigh the evidence or set aside the jury's verdict merely because the appellate judges could have drawn different inferences or conclusions from the evidence, or feel that other results might be more reasonable. *Boeing,* 411 F.2d at 376 n. 16; *Gallick v. Baltimore & Ohio Railroad Co.,* 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963); *Sentilles v. Inter-Caribbean Shipping Corp.,* 361 U.S. 107, 80 S.Ct. 173, 4 L.Ed.2d 142 (1959). Thus, the most an appellate court can do is to determine whether there was any competent and substantial evidence in the record which fairly tends to support the verdict. *Mortensen v. United States,* 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944). An appellate court will not overturn a jury's verdict then, even though contradictory evidence has been presented, if there is any evidentiary basis for the verdict. *Boeing,* 411 F.2d at 376 n. 16. Measured by these standards and on the basis of our discussion above, we hold that there is sufficient evidence in the record to support the jury's answers to the special interrogatories in question.

## C. *Contributory Negligence*

Gross' third basis for appeal deals with contributory negligence. She asserts first that the trial court erred in denying her Motion for j.n.o.v. because there was no evidence of contributory negligence. Second, she argues that rendering judgment for Black & Decker was error because

there was insufficient evidence to support the finding of contributory negligence. Finally, she argues that the Trial Court erred in entering judgment for Black & Decker because contributory negligence is not a defense to a negligent failure to warn claim. We find no merit in Gross' claims.

■■■ Gross argues that, under Texas law, she is presumed to have exercised due care in the operation of the saw. *Boaz v. White's Auto Stores,* 141 Tex. 366, 172 S.W.2d 481, 483 (1943). Plaintiff is only partially right. There is indeed a presumption of due care under Texas law; however, it arises only where the injured party is unable to defend himself against a claim of contributory negligence. Though Gross testified on her own behalf at trial, she asserts that because she had no memory of the accident, the presumption should apply to her. *See Bodine v. Welder's Equipment Co.,* 520 S.W.2d 407 (Tex.Civ.App.1975). Though we are uncertain that *Bodine* applies in this instance, we need not reach that issue. Even assuming that such a presumption of due care existed, upon the introduction of contrary evidence, the presumption, which is not evidence, ceases to exist, *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763, 767 (1940), and the presumption is neither to be weighed nor treated as evidence by the jury in arriving at its verdict. *Combined American Insurance Co. v. Blanton,* 163 Tex. 225, 353 S.W.2d 847, 849 (1962). *See Sanders v. Davila,* 593 S.W.2d 127, 130 (Tex.Civ.App. 1979). The court in *Sanders* pointed out that in that case the trial court submitted special issues inquiring whether the plaintiff was negligent with respect to speed, lookout, etc. On that basis, it concluded that these issues would not have been sub-

---

**6.** *QUESTION 7:* Do you find from a preponderance of the evidence that Defendant, BLACK & DECKER either:

(c) Failed to use due care by marketing the radial arm saw in question without a warning that a lower blade guard existed and should be used? No

(d) Failed to use due care by marketing the radial arm saw in question

without a warning that the anti-kickback device should not be removed? No

(e) Failed to use due care by marketing the radial arm saw in question without a warning that the anti-kickback should be adjusted so as to function as a barrier guard to protect the user? No

mitted if they were not raised by the evidence. *Sanders,* 593 S.W.2d at 130, *citing* Rules 277 and 279. As in *Sanders,* the trial court in this matter also submitted issues to the jury on Gross' negligence. Though not expressed, the trial court had a right to take into account the evidence presented by Black & Decker that the blade on its saw was plainly visible when the lower blade guard was not in place, that Gross' injury occurred when her hand encountered the saw at the front of the blade, and that Black & Decker's expert witness testified that such accidents do not occur unless the operator fails to keep the proper lookout. Moreover, Gross herself corroborated the expert's testimony. On the basis of this evidence and measured by the standards for review of motions for j.n.o.v. discussed above, we hold that the trial court did not err in denying Gross' motion for j.n.o.v. nor did it err in rendering judgment for the defendant.

Gross' final contention that contributory negligence is not a defense in an action for negligent failure to warn is also without merit. Such an argument is based on a finding that Black & Decker was negligent as a matter of law and that plaintiff's contributory negligence could not have been the proximate cause of her accident. On the basis of our holding above that there was sufficient evidence to support judgment for the defendant, we reject Gross' argument.

In any event, the adverse jury finding of contributory negligence could not have been harmful in view of the jury's answers against Gross and in favor of Black & Decker (*see* notes 4 and 5).

### D. *Strict Liability*

■■■■ Gross' fourth basis for appeal asserts error based on a showing that Black & Decker was strictly liable for failure to

place warnings on its radial arm saw. Under Texas law, a product may be unreasonably dangerous and, therefore, defective if the manufacturer markets it without supplying adequate warnings as to the dangers associated with using the product, as well as if it fails to provide proper instructions on how to avoid such risks. *Borel v. Fibreboard Paper Co.,* 493 F.2d 1076 (5th Cir. 1973), *cert. denied,* 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974); *Bituminous Casualty Corp. v. Black & Decker Manufacturing Co.,* 518 S.W.2d 868 (Tex.Civ.App.1974); *Technical Chemical Co. v. Jacobs,* 480 S.W.2d 602 (Tex.1972). Black & Decker does not dispute the existence of this sort of cause of action; however, it argues that the evidence presented at trial was sufficient to show that the product was not unreasonably dangerous as marketed. To this end, it points to evidence suggesting that the saw could be used for several purposes and that the lower blade guard was not adaptable to some of these. Second, it presented evidence to suggest that the lower blade guard often created more hazards than it prevented. On this basis, Black & Decker suggests that the evidence shows that it could not have ensured Gross' safety by affixing warnings to the saw. Moreover, it presented evidence that the saw's anti-kickback device was standard equipment and that the owner's manual which accompanied the machine at sale instructed the user not to remove the device. On the basis of this evidence, we hold that the trial court was correct in rendering a judgment based upon the jury's answers to special interrogatories number 9(a) and 9(b) [7] and in denying Gross' Motion for j.n.o.v. and for Directed Verdict on her strict liability claims.

### E. *Jury Findings*

■■■■ Gross' final basis for appeal alleges that the trial court abused its discre-

---

**7.** *QUESTION 9:* Do you find from a preponderance of the evidence that:

| | ANSWER |
|---|---|
| a) The radial arm saw in question was defective in that it had no warnings or instructions permanently affixed to it informing the user of the existence of the lower blade guard and anti-kickback device and of the dangers of operation without them? | No |
| b) The radial arm saw in question was defective in that it had no warnings or instructions permanently affixed to it informing the user of how to use the anti-kickback device as a barrier guard when crosscutting? | No |

tion in failing to order a new trial because the findings of the jury were inconsistent and confused, and that the jury's findings on damages were against the clear weight of the evidence. We turn first to the question of the inconsistency of the jury's findings.

Gross alleges that the jury's findings in its answers to special interrogatories number 1 through 5[8] conflict with the jury's answers to the liability issues relating to failure to warn (special interrogatories 6(c), 6(d), 6(e), 6(f), 7(c), 7(d), 7(e), 7(f), 9(a) and 9(b)). *See* notes 5, 6, and 7 *supra*. Gross argues that the answers to questions 1 through 5 establish Black & Decker's duty to warn. She then suggests that the uncontroverted evidence of no warning establishes a breach of that duty. Thus, she argues that the jury's negative answers to the liability issues relating to failure to warn are inconsistent and, therefore, that the judge abused his discretion in failing to order a new trial. We do not agree.

We observe initially that this court has a constitutional duty to search for an interpretation of the case which makes the jury's answers consistent. *Gonzales v. Missouri Railroad Co.,* 511 F.2d 629, 633 (5th Cir. 1975). Cognizant of this obligation and reading the jury's answers to interrogatories 1 through 5 in light of its specific answers to the liability issues, we find that the jury, notwithstanding Black & Decker's knowledge, could logically conclude that Black & Decker was not negligent. (*See also* note 4 *supra* ). Accordingly, we find no abuse of discretion in the court's failure to order a new trial.

Gross' final argument is that the jury's findings on damages are against the clear weight of the evidence. Black & Decker

8. ANSWER

QUESTION 1: Do you find from a preponderance of the evidence that, at the time it manufactured the radial arm saw in question, Black & Decker knew or could have reasonably foreseen that, the anti-kickback device might be removed from the saw and that a user might not know of the existence of the anti-kickback device and thus would not use it? We do

QUESTION 2: Do you find from a preponderance of the evidence that, at the time it manufactured the radial arm saw in question, Black & Decker knew or could have reasonably foreseen that a user might not know how to use the anti-kickback device as a barrier guard to protect his hand when cross-cutting? We do

QUESTION 3: Do you find from a preponderance of the evidence that, at the time it manufactured the radial arm saw in question, Black & Decker knew or could have reasonably foreseen that cross-cutting with the radial arm saw without the anti-kickback device in place as a barrier could result in injuries to the user? We do

QUESTION 4: Do you find from a preponderance of the evidence that, at the time it manufactured the radial arm saw in question, Black & Decker knew or could have reasonably foreseen that a user might not be aware of the existence of the lower blade guard sold as optional equipment? We do

QUESTION 5: Do you find from a preponderance of the evidence that, at the time it manufactured the radial arm saw in question, Black & Decker knew or could have reasonably foreseen that cross-cutting with the radial arm saw without the lower blade guard in place could result in injuries to the user? We do

having been found not liable, there is no harmful, reversible error in the jury's findings of no damages. Judgment below was correct.

AFFIRMED.