**Luis HERRERA, Appellant,**

**v.**

**FMC CORPORATION, et al., Appellee.**

**No. B14–82–709CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 9, 1984.

Rehearing Denied March 15, 1984.

Steve O. McManus, Kilgore, Cole, McManus & Velasquez, Victoria, for appellant.

Frank G. Jones, Janice Kemp, Fulbright & Jaworski, M. Stephen Guynes, Olivier, Stumpf, Falqout & Guynes, Houston, John C. Holmgreen, Jr., Corpus Christi, for appellee.

Before PAUL PRESSLER, ELLIS and ROBERTSON, JJ.

ELLIS, Justice.

This is a products liability case. Luis Herrera (appellant) appeals a take nothing judgment entered against him for injuries he sustained on the job when a Chiksan swivel joint ("Chiksan"), and other overhead equipment, fell from a derrick and hit him in the upper back. Appellant brought suit against FMC Corporation, manufacturer of the Chiksan swivel joint, alleging FMC failed to provide a warning of the potential dangers in using the Chiksan as a continuous rotation swivel. We affirm.

Luis Herrera, an oilfield hand for Carter Well Service, was standing on the floor of an oil well workover rig at the time of the accident, assisting in a washing operation. In order to allow the drill pipe to turn in

the process, a Chiksan swivel joint was used in the derrick to connect the drill pipe to the drill hose which carries liquid down into the well. After the entire piping assembly had been turning for approximately thirty minutes, the top joint of tubing in the assembly "backed out," and the unsupported equipment above fell and struck appellant.

In answer to special issues, the jury found the following:

(1) There was danger in using a Chiksan as a continuous rotating swivel.

(2) At the time of marketing, FMC Corporation's failure to warn of the danger of using a Chiksan as a continuous rotating swivel did not expose Luis Herrera to an unreasonable risk of harm.

(3) There was a danger in using a Chiksan without chaining it in place.

(4) At the time of marketing, FMC Corporation's failure to warn of the danger of using a Chiksan without chaining it in place did not expose Luis Herrera to an unreasonable risk of harm.

(5) FMC did not fail to provide adequate instructions for safe operation and use of Chiksans in the oilfield industry.

(6) There was no misuse of the Chiksan by Luis Herrera.

(7) Luis Herrera did not voluntarily assume the risk of being struck by the Chiksan.

(8) Luis Herrera suffered damages in the total amount of $635,000.

In points of error one and two, appellant contends the trial court erred in excluding testimony of his expert witness, Mr. Greene, that FMC's failure to provide adequate warning exposed Luis Herrera to an unreasonable risk of harm.

■ We agree with appellant that the trial court *may* admit expert testimony regarding ultimate fact issues in a case. *Green v. Houston Belt & Terminal Railway Co.*, 558 S.W.2d 127 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ). Never-

theless, the trial courts have broad discretion in deciding whether such testimony is admissible, and their decision should not be disturbed unless an abuse of discretion is shown. *Dillard v. Broyles*, 633 S.W.2d 636 (Tex.Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.); *Burns v. Bridge Engineering Corp.*, 465 S.W.2d 427 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.).

Mr. Greene testified, without objection, that using the Chiksan swivel in the manner it was used by Carter Well would be dangerous to the user; that if used in this manner, the Chiksan should be held by a safety chain; that no instructions or warnings regarding its use were provided by FMC; that failure to so provide instructions or warnings exposed Luis Herrera to great danger; that FMC should have included proper instructions with the Chiksan swivel in order to provide a "safe" product.

■ We believe the jury, armed with these facts, was equally as competent to form an opinion regarding the ultimate fact issues as was the expert witness. Thus, we find no abuse of discretion by the trial court. We overrule points one and two.

In point of error three, appellant contends the trial court erred in allowing appellee to introduce, over objection, evidence of negligent acts or misuse of the Chiksan swivel joint by third parties. Appellant claims such evidence is inadmissible in a failure to warn products liability case. We disagree.

In its pleadings, FMC Corporation alleged the sole proximate cause of appellant's injuries was the misuse or abuse of the Chiksan swivel joint. In support of its defense, the trial court allowed appellee to present evidence to show (1) Herrera's employer used the Chiksan in a manner for which it was not suited, that is, as a continuous rotation swivel, and (2) Herrera's employer failed to properly secure the equipment up in the derrick.

■ We believe this evidence was properly admitted to support appellee's contention that appellant's injuries resulted from

the conduct of Herrera's employer, not that of FMC Corporation. Appellant cites the case of *Varela v. American Petrofina Co. of Texas, Inc.,* 658 S.W.2d 561 (Tex.Sup.Ct. 1983) and *Garza v. Waco Scaffold Shoring Company,* 576 S.W.2d 442 (Tex.Civ.App.— El Paso 1978, writ ref'd n.r.e.) to support his argument that evidence on sole cause is inadmissible. We believe these cases are distinguishable.

In *Varela,* the court sought to set out an exception to TEX.REV.CIV.STAT.ANN. art. 2212a which generally governs the liability of joint tortfeasors. The court held that Article 8306, § 3 of the Workers' Compensation Act, when read in conjunction with Article 2212a, precluded a third party defendant from seeking a *reduction* in damages based on any proportionate negligence by the plaintiff's employer. In *Garza,* the court held that a third party defendant may not apply the misuse defense to *reduce* recovery when such misuse is a concurrent cause of the injury. We find nothing in these cases to indicate that a sole cause defense, as presented in the case before us, is improper. *See Gross v. Black & Decker (U.S.), Inc.,* 695 F.2d 858 (5th Cir.1983). We overrule point of error three.

■ In point of error four, appellant contends there was no evidence to support the submission of an instruction to the jury on sole cause. However, appellant failed to object to this instruction prior to its submission to the jury; therefore, he has failed to preserve any error for appeal. *Jones v. City of Odessa,* 574 S.W.2d 850 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r. e.); *Davis v. Thompson,* 581 S.W.2d 282 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.); TEX.R.CIV.P. 274.

■ In point of error five, appellant argues the jury's answers to Special Issues Nos. 2, 3, 5, 6, 7, 8, and 9 are against the great weight and preponderance. In considering this point, we must consider all of the evidence to determine if the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re Kings Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Applying this standard, we do not find the jury's answers to be against the great weight and preponderance. While both sides agreed that the Chiksan was not designed for use as a continuous rotation swivel, there is conflicting testimony as to whether such use was so widespread in the industry, that FMC had actual or constructive knowledge of such use. Leslie Smith, an engineer for FMC, testified that he had never heard of the Chiksan being used in this fashion. He also said he was unaware of any complaints about the product. Witnesses for both sides also testified that any hazards in using the Chiksan for continuous rotation could be abated by the use of a safety chain to secure all overhead equipment in the derrick. Jerry Ray Stewart, witness for appellee, testified that all overhead equipment should be secured in order to comply with safety standards in the industry. In fact, there is no conclusive testimony in the record that the accident resulted from a problem with the Chiksan. Several witnesses for appellee testified that the unsupported overhead equipment may have fallen because the pipe below it was not tightened securely.

■ After reviewing the entire statement of facts in the case, we hold that there was sufficient evidence of probative value to support the jury's findings, and that the findings are not against the great weight and preponderance of the evidence. We overrule point of error five.

In point of error six, appellant contends the trial court erred in admitting into evidence testimony that no warnings exist on other products used on a workover rig. We disagree.

Appellee's witness, Jerry Ray Stewart, testified, over objection, that he had never seen a warning on the drill hoses used in connection with washing operations on a workover rig. O.C. Nelson, witness for appellant, had previously testified that he had never seen any warnings on drill hoses or other equipment. No objection was made. Later, appellant's expert witness,

George Greene, testified, without objection, that such warnings did appear on the drill hoses used in this type of operation.

We find no error in allowing further testimony on this subject when similar evidence was admitted without complaint at other times during the trial. *Ford Motor Company v. Nowak,* 638 S.W.2d 582, 591 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). We overrule point of error six.

The judgment of the trial court is affirmed.