**FIRST INTERNATIONAL BANK IN SAN ANTONIO, Petitioner,**

v.

**ROPER CORPORATION et al., Respondents.**

No. C–3461.

Supreme Court of Texas.

March 6, 1985.

Rehearing Denied April 10, 1985.

Putman & Putman, Vick Putman, San Antonio, for petitioner.

Clemens, Spencer, Welmaker & Finck, Steven D. Browne, San Antonio, for respondents.

KILGARLIN, Justice.

This products liability case presents two issues to this court. First, did the trial court's submission of an instruction on sole cause constitute harmful error? Second, was the trial court's refusal to allow the plaintiff to introduce a 1982 lawnmower as an illustration of the feasibility of safety changes an abuse of discretion? George Hemeyer sued Roper Manufacturing Company and Sears Roebuck and Company (both defendants will be subsequently referred to as "Roper") after Hemeyer's three year old daughter, Mariann, injured her hand in a lawnmower's grasscutting blades. First International Bank in San Antonio, as guardian of Mariann's estate, replaced George Hemeyer as plaintiff prior to trial. The suit was tried to a jury under theories of defective design and failure to

give adequate warnings and instructions. Roper defended the suit by arguing that parental negligence was the sole cause of the accident. The trial court rendered a take nothing judgment based on jury findings against the bank as Mariann's guardian. The court of appeals affirmed the trial court's take nothing judgment in an unpublished opinion. We reverse the judgments of the courts below and remand this cause for a new trial.

In March 1975, George Hemeyer purchased a lawnmower from Sears. The lawnmower had been manufactured by the Roper Corporation. In September 1976, Hemeyer left the lawnmower running while emptying the grasscatcher. In his absence, his three year old daughter, Mariann, left the Hemeyers' house, entered the front yard, and severely injured her hand when it came into contact with the grasscutting blades of the mower. Mariann's suit alleged that the lawnmower suffered from design defects in that it did not have a brake blade clutch, an interlock cut-off switch or a deadman switch. She also contended that the mower was dangerously defective because the mower did not cover the blades when the grasscatcher was removed.

The allegedly erroneous jury instruction appeared after the general boilerplate instructions and prior to all special issues. The instruction on producing cause contained a substantially approved definition. *See Rourke v. Garza,* 530 S.W.2d 794, 801 (Tex.1975). However, after the approved definition and as part of the instruction on producing cause, the trial court submitted the following instruction:

> There may be more than one cause of an occurrence, but there can be only one sole cause. If an act or omission of any person not a party to the suit was the sole cause of the occurrence, then no act, omission, or product of any party to the suit could have been a cause of the occurrence.

In answer to the liability questions, the jury found no design defect or failure to give adequate warnings and instructions.

The jury also responded to all damage issues that $"0.00" would fairly and reasonably compensate Mariann Hemeyer for her injuries, resulting from the occurrence. The causation issues were left unanswered because they were predicated on affirmative answers to the liability issues.

The bank argues that the sole cause issue poisoned the jury verdict, because it was a comment on the weight of the evidence and because it improperly inserted negligence into a products liability case. The bank asserts that the result of the instruction submission was harmful error. Roper contends that the instruction was correctly submitted and, in any event, was not harmful error.

We note initially that this case was tried in February 1983, a year before our decision in *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984). Thus, the comparative causation analysis which we announced in *Duncan* does not apply to this case. Because this is a pre-*Duncan* suit, contributory or third party negligence can only be a defense when it rises to the level of misuse or assumption of the risk. Otherwise, the defendant must negate an element of the plaintiff's case. Roper chose the latter alternative and attempted to negate the causal connection between the lawnmower and the accident, claiming that the sole cause of the accident was parental negligence.

Neither party to this suit questions the correctness of the instruction as a definition of "sole cause." The only question pertains to its propriety in this case. This type of question was first considered by this court in *Turner v. General Motors Corp.,* 584 S.W.2d 844 (Tex.1979). In that suit, we reversed a court of appeals' opinion which held that juries should be instructed to balance specific factors in determining the outcome of products liability cases. We explicitly approved the correct special issue form and a single accompanying instruction on design defect. Additional instructions on how to balance the competing factors in a products liability suit were, however, disapproved.

In 1983, we again faced the question of whether an instruction was superfluous. In *Fleishman v. Guadiano*, 651 S.W.2d 730 (Tex.1983), the plaintiff complained because the trial court refused to submit the following instruction in a defective design suit:

> You are further instructed that in answering this issue you shall not consider any evidence of negligence on the part of Virginia Guadiano, if any, in climbing the ladder in question on the occasion in question.

In determining that this was not a proper instruction, this court explained that the special issue in that case accurately stated the question for the jury to answer. Any further instruction "would have deflected the jury's attention to ... contributory negligence when it was considering whether the ladder was defectively designed." *Id.* at 731.

Finally, the issue of unnecessary explanatory instructions emerged again in *Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex.1984). In that design defect case, the trial court instructed the jury that a manufacturer is not an insurer of the product he designs nor is he required to create perfect products. Relying on *Turner* and *Guadiano*, we held that such an instruction should not be submitted in a strict liability case. We explicitly approved the *Texas Pattern Jury Charges* special issue and instruction on design defect, but again stated that additional instructions which single out balancing factors are improper comments on the case.

In the present suit, the sole cause instruction was surplusage of the type against which we warned in *Acord*. Appropriate special issues ask the jury about the existence of a product defect and its causal connection to the accident. Any additional instruction serves merely as a diversion from those issues. The sole cause instruction placed an undue emphasis on the Hemeyers' negligence when the jury was considering the existence of a defect and its relationship to the injurious event.

Citing *Herrera v. FMC Corp.*, 672 S.W.2d 5 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), and *Gross v. Black and Decker (US), Inc.*, 695 F.2d 858 (5th Cir.1983), Roper insists that the judge was required to submit the instruction because its pleadings and evidence required to submit the instruction because its pleadings and evidence raised the issue of "sole cause." We first point out that neither of these holdings are binding upon this court; and second, that they were both decided before *Acord*. While *Gross* was handed down before *Guadiano*, nonetheless, we must consider the reasoning used in these cases to determine if they rationally support Roper's position.

*Herrera v. FMC Corp.* involved an oilworker who was injured when equipment fell from a derrick hitting the worker in the upper back. The worker alleged failure to adequately warn of potential dangers. FMC defended by alleging that misuse was the sole cause of the injury. Appealing a take nothing judgment, the worker argued that evidence on sole cause should not have been admissible and that there was no evidence to support submission of a sole cause instruction. The court found nothing to preclude a sole cause defense in that case. The appellate court, however, did not reach the question of whether the submission of sole cause was proper, because the plaintiff did not object to the issue prior to its submission to the jury.

Our holding that the "sole cause" instruction was improper surplusage is thus not affected by *Herrera*. Roper's entire defense to this products liability suit depends on ordinary negligence, whereas in *Herrera* the defendant pled and proved misuse. Second, the *Herrera* court never considered whether or not the issue was surplusage because of the plaintiff's failure to preserve error. The best language which Roper can pull from *Herrera* is that the court found "nothing in [the cited cases] to indicate that a 'sole cause' defense as presented in [*Herrera*], is improper." *Id.* The court of appeals' only support for this statement is *Gross v. Black and Decker (US), Inc.*

In *Gross*, a worker whose left hand was injured while using a Black and Decker saw at work brought suit based on a marketing defect and negligence. Black and Decker countered that the employer's failure to warn and to provide safety equipment was the sole cause of Gross' injury. The court announced:

> Under Texas law, if it is the position of the defendant that he is entitled to be absolved of liability because the event in question was caused by the negligence of a codefendant or of a party to the event who is not a party to the suit, he may protect himself through pleadings, proof, and findings that the negligence of such person was the sole proximate cause of the event.

*Id.* at 861. The Fifth Circuit based its interpretation of Texas law on a case in which the plaintiff asserted only a negligence cause of action and by citing "40 Tex.Jur.2d Rev., part 2, *Negligence* § 16," which discusses only negligence claims. The court cited no authority that applied a negligence based sole cause defense with a sole cause instruction to a products liability suit. In addition, the plaintiff in *Gross* asserted a negligence cause of action as well as actions in products liability. The present case is grounded solely in products liability. Thus, neither *Herrera* nor *Gross* support the submission of a sole cause instruction founded in negligence in the case before us.

Roper contends that even if the inclusion of the sole cause instruction in the charge was error, it was only harmless error. The jury never reached the causation issues to which the instruction applied, because they were predicated on the liability issues. The judgment is supported by the findings which were not affected by the instruction, so Roper contends any error is harmless. *Spradling v. Williams*, 566 S.W.2d 561, 564 (Tex.1978).

The record on its face shows this error to have been harmful. The evidence at trial clearly established that Mariann suffered injuries from the accident. Yet, in response to the damages issues, the jury found that Mariann suffered no compensable injuries. In addition, we reiterate the message of *Acord*. In a closely contested products liability case, it is error to burden the jury with excess instructions which emphasize extraneous factors to be considered in reaching a verdict. The questions in a pre-*Duncan* products liability case are: was there a defect; did the defect cause damage; and what are the damages. In this case the issue was whether the lawnmower was defective and whether that defect caused Mariann's injuries. The sole cause instruction, however, singled out the acts of the parents and highlighted the question of the parents' negligence. The result, as forecast by the court in *Guadiano*, was that the jury's attention was diverted from the pivotal issues of the case. The trial court thus committed harmful error by submitting the instruction because it was a comment on the weight of the evidence and the case as a whole.

Because we have determined that the sole cause instruction resulted in harmful error, we do not reach the question of the admissibility of the lawnmower as an illustration of safety feature feasibility. We note only that when this case is retried, the new rules of evidence will apply.

Having found the initial trial to be tainted by the sole cause instruction, we reverse the judgments of the courts below and remand this cause to the trial court for a new trial.