IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20578
Summary Calendar
_____

JOHNNY R. SIMMONS,

Plaintiff-Appellant,

versus

D.D. KOLODZIK; VILLARREAL, Deputy;
JOHNNY KLEVENHAGEN; TOMMY THOMAS, Sheriff,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CV-3035
--------------------
March 7, 2001

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Johnny Simmons (Texas prisoner #578087) appeals the district court's final judgment, entered after a jury trial, that he take nothing in his civil rights action brought under 42 U.S.C. § 1983. Simmons raises several issues, each of which is either meritless or waived due to inadequate briefing.

We reject for two reasons Simmons' contention that he is entitled to a new trial due to the fact that he was denied a public trial. First, the record does not indicate that Simmons'

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial was closed to the public. See United States v. Coveney, 995 F.2d 578, 587 (5th Cir. 1993)(stating that this court will affirm when the record does not establish a basis for reversal). Second, the two rights relied on by Simmons--the Sixth Amendment right to a public trial and the First Amendment right of the press and general public to attend trials--apply to criminal defendants and criminal trials, respectively, and not to civil litigants and civil trials. See United States v. Osborne, 68 F.3d 94, 98 & n.4 (5th Cir. 1995); McDonald v. Burrows, 731 F.2d 294, 297 (5th Cir. 1984); Rovinsky v. McKaskle, 722 F.2d 197, 199 & n.3 (5th Cir. 1984).

We likewise reject Simmons' argument that he was prejudiced by the presence of extra security in the courtroom. Simmons' reliance on Holbrook v. Flynn, 475 U.S. 560 (1986) is misplaced. In Holbrook, the Supreme Court was concerned with a criminal defendant's Sixth Amendment right to a fair trial, a right which is not extended to civil plaintiffs. See 475 U.S. at 562, 567, 570.

Simmons next argues that the district court erred by failing to subpoena 12 witnesses he requested. This issue is factually frivolous. The district court ordered subpoenas for those witnesses whose names and proper addresses had been provided by Simmons. The court could not subpoena witnesses whose addresses were unknown.

Simmons also argues that the district court erred in not granting his motion for default judgment against Deputy Villarreal. Simmons, however, has not shown that he effected

proper service on Villarreal.[1]  Without proper service of process, the district court lacked personal jurisdiction over Villarreal, and any default judgment against Villarreal would have been void.  See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999).

Simmons next argues that the district court erred in admitting the fact that he was a convicted felon and that he had been convicted in a prior criminal trial for assaulting Kolodzik. Because Simmons stipulated to this information at the outset of trial, he cannot now be heard to complain about the admission of that evidence.  See King v. Armstrong World Indus., Inc., 906 F.2d 1022, 1024-25 (5th Cir. 1990).  Even if Simmons had not made the stipulation, he still could not show any error because his prior convictions were admissible under Federal Rule of Evidence 609(a)(1), regardless of any ensuant prejudice to him.  See Green v. Bock Laundry Mach. Co., 490 U.S. 504, 527 (1989).

Simmons' single-sentence statement, without citation to any authority, that the district court abused its discretion and violated his due-process rights by failing to issue a pretrial ruling on his motion in limine and his motion to compel production is not adequately briefed and is therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Similarly waived due to inadequate briefing are his arguments about purported discovery abuses on the part of Kolodzik and the district court's failure to sanction Kolodzik for those abuses.

---

[1]  Although service of process on Villarreal was attempted at the Harris County Jail by certified mail, the record indicates that Villarreal was no longer working there by that point.

Not only does Simmons fail to identify any discovery material withheld or disclosed late by Kolodzik, he also does not explain why that material was needed at trial. See Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998). Simmons has not demonstrated that Kolodzik engaged in discovery misconduct or that the district court abused its discretion in refusing to sanction Kolodzik.[2]

Although Simmons maintains that the district court's jury instructions were deficient for failing to "explain the criteria to satisfy the standing requirements," his argument fails under the plain-error standard of review. See Russell v. Plano Bank & Trust, 130 F.3d 715, 719-21 (5th Cir. 1997). He has not shown error, much less error which is clear under current law. See id. at 721-22.

Simmons next argues that the district court abused its discretion when it excluded impeachment evidence regarding the number of stitches Kolodzik received from their initial altercation. Simmons' argument fails, however, because he has not shown prejudice, especially considering the fact that the district court allowed Simmons to use a prior affidavit of Kolodzik's when questioning him about this discrepancy. See Smith v. Wal-Mart Stores (No. 471), 891 F.2d 1177, 1180 (5th Cir. 1990)(stating that this court will not overturn evidentiary

---

[2] Simmons' assertion that the district court refused to rule on his motion for reconsideration of his original motion to compel production of documents is flatly contradicted by the record. The record reflects that the district court denied the motion.

rulings unless the appellant shows that substantial prejudice resulted).

Finally, we reject Simmons' argument that the jury's verdict is against the great weight and preponderance of the evidence. After reviewing the evidence adduced at trial, we conclude that there is a sufficient evidentiary basis supporting the jury's verdict.  See Gross v. Black & Decker (U.S.), Inc., 695 F.2d 858, 865 (5th Cir. 1983).

This appeal is without arguable merit and is therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.