Louis MAGRO, Jr., Petitioner,

v.

RAGSDALE BROTHERS, INC.,
Respondent.

No. C–4247.

Supreme Court of Texas.

Nov. 5, 1986.

Rehearing Denied Jan. 21, 1987.

Russell H. McMains, Edwards, McMains, Constant & Terry, Corpus Christi, for petitioner.

Jerry A. Gibson, Ty Griesenbeck, Jr., Plunkett, Gibson & Allen, San Antonio, for respondent.

SPEARS, Justice.

This products liability case involves a manufacturer's duty to warn or instruct a user on the safe operation of a machine.

Petitioner, Louis Magro, Jr., sued Ragsdale Brothers, Inc., the manufacturer of a machine. The jury found all issues for the plaintiff Magro, and the trial judge rendered judgment on the verdict for Magro. The court of appeals reversed the judgment of the trial court and remanded the cause finding insufficient evidence to support the jury finding of producing cause. 693 S.W.2d 530. We reverse and render judgment affirming the trial court.

The plaintiff, Magro, was a foreman at the Pearl Container Corporation in San Antonio. He was trained to clean and maintain a can punch machine, called a "body-maker," that was manufactured by Ragsdale Brothers. On May 16, 1980, Magro approached a continuously running bodymaker, opened an access door which disengaged the motor, and extended his hand inside the bodymaker to clean the tool-pack area. Although the machine automatically stopped when the door was opened, it could be reactivated if someone at the control panel switched it into the "inch" mode. A co-worker of Magro, Calvin Sanders, turned the control to "inch" to enable him to clean another part of the machine. Magro's hand was caught in the bodymaker and severely mangled.

Magro's suit alleged Ragsdale Brothers' failure to warn or instruct him concerning the dangers of the bodymaker rendered the machine unreasonably dangerous. At trial, Peter Mandel, a Ragsdale Brothers design engineer, testified that no specific warnings or instructions were made available to Magro. Mandel also listed three instructions which could have made the machine safer. He stated that one working on the bodymaker should work alone, turn the machine off at the control panel with a key, and then remove the key from the control panel. Magro testified that he was performing his job as he had been taught and that he had not received any of Mandel's suggested instructions at the time of the incident. Judd Clayton, an electrical design engineer, testified that the bodymaker's foreseeable dangers made adequate warnings or instructions imperative for safe use. In his opinion the absence of warnings or instructions on the bodymaker's control panel made the bodymaker unreasonably dangerous.

The jury found that Ragsdale Brothers failed to give adequate warnings or instructions for the safe use of the machine when it sold the bodymaker and that such a failure rendered the machine unreasonably dangerous. The court of appeals held the evidence on these issues to be legally and factually sufficient. The jury also found that Ragsdale Brothers' failure to warn or instruct was the producing cause of Magro's injury. The court of appeals reversed

and remanded the cause for a new trial holding the causation evidence factually insufficient.

Magro initially contends that he proved as a matter of law that Ragsdale Brothers' failure to warn or instruct, which rendered the machine unreasonably dangerous, was a producing cause of his injuries. If so, the court of appeals' insufficiency holding on that issue was erroneous.

■ An unreasonably dangerous product must be a producing cause of a plaintiff's injuries to create liability.[1] *General Motors Corp. v. Hopkins*, 548 S.W.2d 344, 351 (Tex.1977). Once a plaintiff proves the lack of adequate warnings or instructions rendered a product unreasonably dangerous, his producing cause burden is aided by the presumption described in *Technical Chemical Co. v. Jacobs*, 480 S.W.2d 602 (Tex.1972). When a manufacturer fails to give adequate warnings or instructions, a rebuttable presumption arises that the user would have read and heeded such warnings or instructions. *Id.* at 606; *see also* Restatement (Second) of Torts § 402a comment j (1965); *Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1281 (5th Cir.) *cert. denied* 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974). This presumption may be rebutted with evidence that the user was blind, illiterate, intoxicated at the time of the product's use, irresponsible, lax in judgment, or by some other circumstance tending to show that the improper use would have occurred regardless of the proposed warnings or instructions. *Technical Chemical Co.*, 480 S.W.2d at 606.

The court of appeals correctly recognized that the *Technical Chemical Co.* presumption that warnings will be heeded should be applied when reviewing the sufficiency of causation evidence in this case; however, the court held that the presumption had been rebutted because Magro and Sanders exhibited "laxity in judgment." The court found two instances of "laxity in judg-

ment." First, Sanders testified that he did not notice Magro working just two feet away before Sanders activated the bodymaker. Second, Magro stated that he did not inform Sanders that he was working on the machine and did not see Sanders step to the controls.

■ The court of appeals' interpretation of our *Technical Chemical Co.* "lax in judgment" rebuttal illustration is erroneous. The court apparently inferred, based on a single instance of inattentiveness, unrelated to reading or heeding safety information, that Magro and Sanders would not have paid attention to adequate warnings or instructions had they been given. This type of inference is impermissible. Evidence of inattentiveness, unrelated to the plaintiff's ability to perceive or heed warnings or instructions and which does not rise to the level of habit under Tex.R.Evid. 406, is not admissible to prove that Magro and Sanders would have acted in a consistent manner by ignoring adequate warnings or instructions. Tex.R.Evid. 404.

■ A review of the record further reveals that there is no evidence to rebut the presumption in this case. Magro proved the absence of warnings or instructions rendered the bodymaker unreasonably dangerous and this finding is not challenged. Thus, it is presumed that Magro would have heeded adequate warnings or instructions by turning off the machine and removing the key *before* cleaning it. The "laxity in judgment" conduct which Ragsdale Brothers contends rebuts the presumption occurred *after* Magro began working. To be relevant, evidence to rebut the presumption must arise prior to the time that the plaintiff's response to adequate warnings and instructions becomes presumed under *Technical Chemical Co.*

■ In addition to the presumption, considerable testimonial evidence supports the jury's affirmative finding of producing

**1.** The trial court in the present case defined producing cause as "an efficient, exciting, or contributing cause, which, in a natural sequence, produced the occurrence. There can be more than one producing cause." 3 State Bar of Texas, *Texas Pattern Jury Charges* PJC 79.01 (1982).

cause. Magro testified that he always followed work related instructions and warnings and that he certainly wished he would have been told to work alone and take the key out when he turned off the machine. Judd Clayton, an expert witness, stated that adequate instructions and removal of the key would have prevented the accident. Ragsdale Brothers' own expert, Mandel, also admitted that had his suggested instructions been given and followed, the incident probably would not have occurred. Because all of the testimony in this case supports the jury's findings and no evidence rebuts the *Technical Chemical Co.* presumption, we hold that producing cause was established as a matter of law.

■ A second question is the suggestion by the court of appeals that the trial court submit an issue inquiring into misuse by both Magro and Sanders upon retrial of this cause. At the time of trial, the defense of unforeseeable product misuse had not yet been subsumed under the single issue of contributory negligence. *General Motors Corp. v. Hopkins*, 548 S.W.2d at 349. Between the time of trial and the decision on appeal, we decided *Duncan v. Cessna*, 665 S.W.2d 414 (Tex.1984). The court of appeals erroneously ordered the trial court to submit Sanders' misuse as contributory negligence pursuant to *Duncan* even though Sanders is not a plaintiff in this case. Contributory negligence issues should only inquire into the conduct of a plaintiff. *Id.* at 428. Semantics aside, the court of appeals apparently believed that Sanders should be treated as a settling defendant under *Duncan* because Magro received workers' compensation for his injuries.

The court of appeals did not discuss whether Sanders' status as a co-employee prevents the submission of his negligence. Article 8306 § 3 [2] of the Texas Workers' Compensation Act abrogates an employee's right to common law damages from his employer for personal injuries covered by the Act; however, a covered employee may seek recovery from a third party whose negligence or defective product contributed to the work related injury. In the event of recovery, the third party is barred from seeking contribution or indemnity from the employer or other employees.

In *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983), the issue before us was whether an employer's negligence may be considered in a third party action brought by an employee arising out of an injury covered by workers' compensation. We ruled that the legislature intended article 8306 § 3 to be an exception to the Texas comparative negligence statute, Tex.Rev. Civ.Stat.Ann. art. 2212a § 2b (now codified at Tex.Civ.Prac. and Rem.Code § 33.012 [Vernon 1986]). We held that a covered plaintiff's third party negligence recovery will not be diminished by his employer's negligence. *Id.* at 562.

Our *Varela* rationale is applicable and controlling in the present case. *Duncan* allows a defendant to have his liability for damages reduced by the causation percentage attributable to other settling defendants. We specifically held in *Varela* that an employer does not become a settling defendant under article 2212a § 2e simply because the plaintiff did not refuse workers' compensation coverage during the first five days of his employment. *Id.* Likewise, a co-employee like Sanders does not become a settling defendant under *Duncan* just because Magro accepted workers' compensation when beginning his employment.

---

**2.** Tex.Rev.Civ.Stat.Ann. art. 8306 § 3 (Vernon's Supp.1986) provides in pertinent part:

The employees of a subscriber ... shall have no right of action against their employer or against any agent, servant, or employee of said employer for damages for personal injuries ... but such employees ... shall look for compensation solely to the association.... If an action for damages on account of injury ... is brought by such employee ... against a person other than the subscriber ... and if such action results in a judgment against such other person, or results in a settlement by such other person, the subscriber, his agent, servant or employee, shall have no liability to reimburse or hold such other person harmless on such judgment or settlement.... No part of this Section is intended to lessen or alter the employees existing rights or cause of action ... against ... any third party.

The *Duncan* decision established a comparative causation scheme under which a non-settling defendant manufacturer can receive contribution from settling defendants. A plaintiff's recovery and a manufacturer's liability are reduced by the percentage of causation attributable to a settling defendant's negligence. *Duncan,* 665 S.W.2d at 432. The provisions of the Workers' Compensation Act prevent Magro from having a right of recovery against Sanders. Since a defendant's right of contribution is derived from a plaintiff's right of recovery, Ragsdale Brothers has no claim for contribution against Sanders under *Duncan. Varela,* 658 S.W.2d at 563. Accordingly, we hold that a co-employee's negligence should not be considered in a third party products liability action when the plaintiff's injuries were covered by workers' compensation.

The final question we address is whether the court of appeals correctly ruled that a requested "no duty to warn" instruction should have been given to the jury. Ragsdale Brothers requested the instruction but the trial court refused to submit it. The requested instruction read:

> There is no duty to warn a group or class of users who possess special knowledge or expertise concerning the dangerous characteristics of the product.

Tex.R.Civ.P. 277 provides that the trial court shall submit such explanatory instructions and definitions as would be proper to enable the jury to render a verdict. A trial court's refusal to submit requested instructions will not be overturned on appeal unless the court abused its discretion. *Mobil Chemical Co. v. Bell,* 517 S.W.2d 245, 256 (Tex.1974); *DeLeon v. Otis Elevator Co.,* 610 S.W.2d 179, 181 (Tex.Civ. App.—San Antonio 1980, writ ref'd n.r.e.). Here, the court of appeals recognized that the instruction refusal "may well" have been within the trial court's discretion, but nevertheless suggested its submission upon retrial.

In the recent case of *First International Bank v. Roper Corp.,* 686 S.W.2d 602, 604 (Tex.1985), we held that appropriate special issues ask the jury about the existence of a product defect and its causal connection to the accident. Any additional instructions serve merely to distract the jury's attention from the essential issues of the case. *Id.* The trial court's denial of the instruction here was a proper exercise of its discretion.

Since the court of appeals has already overruled Ragsdale Brothers' other insufficiency points, we reverse the court of appeals judgment and render judgment affirming the trial court.

## ON MOTION FOR REHEARING

GONZALEZ, Justice, concurring and dissenting.

I concur with the court's opinion to the extent that it reverses the judgment of the court of appeals. However, I do not agree that causation was proved as a matter of law; nor do I agree that the judgment should be rendered. Moreover, Respondent asserted points of error in the court of appeals which were not ruled on by that court and which, if sustained, would require a reversal of the judgment and a remand for new trial. Under *McKelvy v. Barber,* 381 S.W.2d 59 (Tex.1964), the respondent is entitled to have these points considered by the court of appeals. *See also Luna v. Southern Pacific Transportation Co.,* — S.W.2d ——, 30 Tex.Sup.Ct.J. 132 (Jan. 7, 1987). I would grant the motion for rehearing and remand this cause to the court of appeals.

The court bases its rendition on its holding that producing cause was established as a matter of law. In order to reach this result, the court discounts the evidence that Magro failed to inform Sanders he was working on the machine and reasons that such evidence is inadmissible unless it rises to the level of habit. This analysis is seriously flawed.

The court cites TEX.R.EVID. 404 to support the proposition that evidence of a single instance of inattentiveness is inadmissible to show the lax judgment of the product user. Rule 404 relates to character evidence used to prove that a person acted

in conformity with that character on a particular occasion. It is often applied in assault cases when a plaintiff may try to submit proof of prior assaults committed by the defendant as evidence that the defendant committed the particular assault. *See, e.g., Burleson v. Finley,* 581 S.W.2d 304, 307 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). However, Rule 404 has no applicability when character is itself a fact in issue. 2 R. Ray, *Texas Law of Evidence* § 1501 at 187 (Texas Practice 3d ed. 1980); N. Blakely, *Article IV: Relevancy and Its Limits,* 20 Hous.L.Rev. 151, 202 (1983 Tex.R.Evid.Handbook). In such circumstances, TEX.R.EVID. 405(b) applies.

Rule 405(b) allows for evidence of specific instances of conduct when character is an essential element of a charge, claim or defense. For example, in a negligent entrustment case, the plaintiff must show that the driver entrusted with the car was a characteristically reckless driver. *Hines v. Nelson,* 547 S.W.2d 378, 385–86 (Tex.Civ. App.—Tyler 1977, no writ). The driver's trait of recklessness is an essential element of the plaintiff's claim and therefore evidence of specific instances of reckless driving are admissible. *See* N. Blakely, at 202; *see also* 2 R. Ray, *Texas Law of Evidence* § 1502 (Texas Practice 3d ed. 1980).

The situation in this case is analogous to a negligent entrustment case in that a character trait is an essential fact in issue. The law provides a presumption that if an adequate warning had been given, the user of the product would have read and heeded it. *Technical Chemical Co. v. Jacobs,* 480 S.W.2d 602, 606 (Tex.1972); *see also* Restatement (Second) of Torts § 402A, comment j (1965). The manufacturer can rebut this presumption by showing that the user was "irresponsible or lax in judgment." *Technical Chemical Co.,* 480 S.W.2d at 606. Thus, the user's character for irresponsibility or lax judgment is precisely the fact on which the manufacturer's defense hinges; it is an essential element of the defense. Therefore, TEX.R.EVID. 404 is inapplicable and instead TEX.R.EVID. 405(b) expressly permits evidence of single instances of conduct.

Moreover, even if the court were correct in reasoning that Rule 404 should have made the evidence inadmissible, the Rule alone cannot negate the evidence at this stage in the appellate process. At trial, the evidence was admitted without objection; therefore there is no basis for this court to now strike it. Even on appeal, Magro has never argued that the evidence was inadmissible. Yet, this court on its own not only decides that the evidence of Magro's inattentiveness should have been inadmissible, but then proceeds to entirely discount the evidence, apparently reasoning that if it should have been inadmissible at trial it can be stricken on appeal even though error was not preserved.

Because Rule 404 is inapplicable and because in any event there was no objection to the evidence, we should not simply ignore Magro's testimony that he did not inform Sanders he was working on the machine. Moreover, there is other evidence that should preclude this court from holding that producing cause was established as a matter of law because it is evidence from which a jury could infer that a warning would not have prevented the accident. Judd Clayton, plaintiff's expert witness, testified that it would not be a good practice to have the machine operator remove the key and place it in his pocket; instead Clayton recommended that the key be placed on a nearby hook. From this testimony, a jury could infer that even if the key were removed, an inattentive operator might take it off the hook and use it anyway. Ragsdale's manager of engineering, Peter Mandell, testified that the keys to different machines within the plant were interchangeable and that an operator could easily use another key in the machine if the first one were removed. Mandell also testified that in his opinion a warning would not have prevented the accident with Magro. In light of the above evidence, I cannot agree with the court's conclusions that no evidence rebutted the *Technical Chemical Company* presumption and that producing cause was established as a matter of law.

I do, however, agree that the decision of the court of appeals must be reversed. The court of appeals held that the evidence was factually insufficient to support the jury's finding on producing cause. Although this court does not have jurisdiction over fact questions, we may take jurisdiction to determine whether a court of appeals applied the correct standard in reviewing a factual sufficiency point. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634–5 (Tex.1986). In this case, the court of appeals stated the appropriate standard of review, but then failed to apply that standard.

In its opinion, the court of appeals cited only two pieces of evidence that it deemed to be contrary to the jury's finding. These were Sanders' testimony that he was not paying attention to Magro and the evidence that Magro joined the clean-up operation without telling Sanders. The court did not explain why this evidence outweighs the evidence in support of the verdict.

Instead of pursuing a discussion of the facts, the court of appeals embarked on a discussion of products liability law, concluding with a quotation by Dean Keeton on misuse as a sole producing cause. It is not clear what relevance misuse has to the court of appeals' review of the factual sufficiency of the evidence to support the jury's finding on producing cause. Misuse was not before the jury and the court of appeals is not empowered to find such a fact on its own. It is apparent that the court of appeals erroneously blended the defense of misuse with its factual sufficiency review.

Thus, not only did the court of appeals fail to adequately address the evidence in the record, but it also incorporated discussion of an issue totally irrelevant to reviewing the factual sufficiency of the evidence to support the finding made by the jury. I would therefore reverse the court of appeals' judgment and remand this cause to that court with an instruction to review the factual sufficiency of the evidence by adhering to the guidelines set forth in *Pool.* In this connection, it might be help-ful to point out that courts of appeal are not free to judge the credibility of the witnesses.

I wish that we could correctly render judgment in this cause and be done with it since this accident occurred approximately five years ago. However, the train toward justice is admittedly slow sometimes. Nonetheless, in order to effect a rendition, the court has disregarded well established precedent and has concocted new doctrine that effectively eviscerates the defense of lax judgment used in a warning case to refute the presumption that a product user would have read an adequate warning. This concoction may work great mischief down the line. By erroneously applying TEX.R.EVID. 404 so as to exclude evidence, the court deprives the manufacturer of the opportunity to present evidence on the very issue that constitutes its defense. Not only is this unjust, but it is not in accord with the express provision of TEX.R.EVID. 405(b). Rendition of judgment is inappropriate; I would grant the motion for rehearing and remand the cause to the court of appeals.

RAY, Justice, concurring.

The dissenting opinion on rehearing argues that this cause should be remanded because there were points of error which were not ruled upon by the court of appeals and which, if sustained, would require a reversal of the judgment and a remand for new trial. The court's rendition of judgment in this cause was proper in light of Ragsdale Brothers' failure to direct our attention to any unresolved points of error in its motion for rehearing.