515 So.2d 655 (1987)
SAFECO INSURANCE COMPANY, Plaintiff-Appellee,
v.
Ben BAKER, et al., Defendants-Appellants.
No. 86-1067.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Rehearing Denied December 9, 1987.
Writ Denied February 5, 1988.
*656 Losavio & Weinstein, John Weinstein, Opelousas, for plaintiff-appellee.
Thomas DeJean, Opelousas, for defendant-appellee.
Voorhies & Labbe, Keitha Leonard, Lafayette, for defendants-appellants.
Before KNOLL and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
KNOLL, Judge.
Superior Fireplace Company (Superior) appeals the jury verdict which assessed it with partial fault for fire damage to the home of Ernie and Agnes Kovach (Kovach). Safeco Insurance Company (hereafter Safeco) paid the Kovachs' fire damage claim, and pursuant to the subrogation provisions of the insurance contract, instituted suit against Ben Baker (Baker), the carpenter who installed the prefabricated fireplace, and Superior, the manufacturer of the fireplace. The jury found Baker, 10% at fault, Superior 30% at fault, and an unidentified third party 60% at fault for the fire which destroyed the Kovach home. The Kovachs were found free from fault. Accordingly, judgment was awarded in favor of Safeco and against Superior and Baker, in solido, for $75,929.68. Superior appeals, contending: 1) the jury erred in finding it 30% at fault in causing the fire damage by providing incomplete instructions and in failing to provide a safety metal strip; 2) the jury erred in failing to find that the misuse of the fireplace was a defense in strict liability; 3) the trial judge failed to instruct the jury on the Kovachs' assumption of risk; 4) the jury erred in failing to find the Kovachs at fault in causing the fire; 5) the trial judge presented confusing jury instructions; and 6) the trial judge erred in casting it solidarily liable when the jury found that 60% of the fault in causing the fire was attributed to a third party. We reverse that portion of the judgment which found Superior at fault, finding that Safeco's case failed because Superior rebutted the presumption of a causal connection by showing that an adequate warning would have been futile when the installer never read the instruction booklet.

FACTS
In 1980 the Kovachs purchased a Superior "Zero Clearance" fireplace from Lowe's for placement in an addition to their Opelousas home. Baker, an Opelousas carpenter, was hired by the Kovachs to build the addition and to install the Superior fireplace. Mrs. Kovach, as found by the jury, did not actively participate in the construction.
Baker and Mrs. Kovach were present when the Superior fireplace was delivered, and testified that it was delivered with neither a metal safety strip, which fits between the hearth extension and the firebox, nor an addendum to the installation instructions. However, both stated that the basic installation instructions accompanied the fireplace.
Baker installed the fireplace, after only reading page one of the instructions, and Sherman Brown installed the slate hearth extension.
*657 On December 23, 1983, the Kovach's home burned and experts at trial opined that the fire began at the fireplace.

CAUSATION
Assuming for purposes of argument that the jury determination that the metal safety strip was not provided and the instructions were inadequate, Superior contends that neither of these was the cause in fact of the fire. Instead, it argues that Baker's failure to read even the instructions provided was the cause in fact of the fire. We agree.
This issue was addressed by our Supreme Court in a recent decision, Bloxom v. Bloxom, 512 So.2d 839 (La.1987), which stated:
"An essential element of the plaintiff's cause of action for failure to adequately warn of a product's danger is that there be some reasonable connection between the omission of the manufacturer and the damage which the plaintiff has suffered. Halphen [v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986)], supra; Hebert v. Brazzel, 403 So.2d 1242, 1244 (La.1981); Weber [v. Fidelity & Casualty Ins. Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971)] supra; see, generally, Prosser & Keeton on Torts § 41; Twerski, Seizing the Middle Ground, 57 N.Y. U.L.Rev. 521, 562 (1982). Once a plaintiff proves that the lack of an adequate warning or instruction rendered the product unreasonably dangerous, his cause in fact burden is assisted by a presumption: when a manufacturer fails to give adequate warnings or instructions, a presumption arises that the user would have read and heeded such admonitions. Benoit v. Ryan Chevrolet, 428 So.2d 489, 493 (La.App. 2nd Cir.1982); Technical Chemical Co. v. Jacobs, 480 S.W.2d 602, 606 (Tex.1972); Wolfe v. Ford Motor Co., 376 N.E.2d 143 (Mass.App.Ct. 1978); Nissen Trampoline Co. v. Terre Haute First National Bank, 332 N.E.2d 820, 826-27 (Ind.App.Ct.1975); Reyes v. Wyeth Laboratories, 498 F.2d 1264, 1281-82 (5th Cir.1974); Jackson v. Johns-Manville Sales Corp., 727 F.2d 506, 523 (5th Cir.1984). The presumption, may, however, be rebutted if the manufacturer produces contrary evidence which persuades the trier of fact that an adequate warning or instruction would have been futile under the circumstances. Cf. Mago v. Ragsdale Bros., Inc., 721 S.W.2d 832 (Tex.1986); See Note, Products Liability, 50 Tex.L.Rev. 577 (1972); McCormick on Evidence, 3d ed. § 343 (1984)."
It was uncontradicted at trial and clearly established through expert testimony that Baker violated six installation instructions contained in the booklet provided by Superior: 1) he failed to seal the crack between the hearth extension and firebox with a non-combustible material; 2) he failed to insert a metal safety strip beneath the firebox and hearth extension; 3) he failed to place a safety shield on the side walls or wood extensions within 24 inches of the fireplace opening; 4) notched a 2 x 4 header across the fireplace top placing combustible material in direct contact with the fireplace; 5) he placed wood paneling across the front of the fireplace up to the opening of the fireplace in which the fire was started; and 6) he failed to seal the gap between the fireplace facing and the wall surrounds with a non-combustible material.
Safeco argues that the addendum to the instructions was published for the obvious purpose of clarifying the confusion which is created on the first page of the original installation instructions. The addendum was not attached to the instructions Baker was using. The original installation instructions were augmented by Superior in the addendum. The record of this case convinces us that even if the addendum to the instructions had been provided, it would have been futile. Baker testified that although he was able to read, having a sixth grade education, he only read page one of the installation manual. Even though items on page one referred the reader specifically to instructions on page six which were directly applicable, Baker neither inquired further nor asked to be supplied with the missing metal strip. Instead Baker testified that because he had installed other similar fireplaces without an untoward *658 event he did not need to rely on the manual. Accordingly, even if the more specific warnings contained in the addendum had been available, such warnings would have been futile because Baker did not even read the instructions he had available.
Applying the rationale of Bloxom, we conclude that Safeco failed to prove that the lack of an adequate warning was a cause in fact of the fire. With the absence of this integral causative fact the record overwhelmingly convinces us that this case does not fall within the ambit of products liability. Therefore, we reverse the jury's determination that Superior was at fault.
For the foregoing reasons, that portion of the judgment which found Superior Fireplace Company solidarily liable is reversed and set aside. Costs of this appeal are assessed against Safeco Insurance Company.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.