**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellant,**

v.

**Sylvester Joe MARKS, Jr., Appellee.**

No. 9583.

Court of Appeals of Texas, Texarkana.

April 5, 1988.

Rehearing Denied May 3, 1988.

---

Michael A. Hatchell, Tyler, for appellant.

Blake C. Erskine, Erskine & McMahon, Longview, and Harold W. Nix, Daingerfield, for appellee.

BLEIL, Justice.

Sylvester Marks, Jr. sued his employer, St. Louis Southwestern Railway Company, under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60 (1986), for damages based on injuries he received while working for the Railway. A jury found Marks thirty percent negligent and the Railway seventy percent negligent. The Railway appeals the judgment.

The Railway presents two points of error, both of which challenge the propriety of explanatory instructions submitted in conjunction with two questions contained in the jury charge. Both instructions concern the Railway's duty to use ordinary care. The Railway contends that the instructions are unnecessary and that they tend to emphasize Marks's version of the facts and lead the jury to an affirmative finding on the questions.

 Although federal law governs the rights of parties in FELA cases, in Texas courts, these cases are tried in accordance with applicable Texas procedural rules. *Scott v. Atchison, Topeka and Santa Fe Railway*, 572 S.W.2d 273 (Tex.1978). Tex. R.Civ.P. 277 directs the courts to submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict. This rule gives the trial court considerable discretion in submitting explanatory instructions and definitions. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245 (Tex.1974).

The instruction accompanying the question which asked whether the Railway failed to provide Marks with a reasonably safe place to work reads as follows:

You are instructed it was the continuing duty of the railroad, acting through its agents, officers and employees, at the time and place in question, to use ordinary care under the circumstances in furnishing plaintiff with a reasonably safe place to work. This does not mean, of course, that the railroad is an insurer of the safety of Plaintiff. The extent of the employer's duty is to exercise ordinary care, under the circumstances, to see that the place in which the work is to be performed is reasonably safe. The degree of care required to be exercised depends upon the risk of danger involved under the circumstances. The continuing duty of the railroad to furnish its workers a safe place to work includes the obligation to provide sufficient personnel and equipment to accomplish the particular task.

Another question asked the jury to find whether the Railway assigned Marks to duties, "the performance of which aggravated such weakened physical condition or disability?" Conditioned upon an affirmative answer to this question, the jury was asked whether this assignment was negligence. The instruction which accompanied this question provides:

You are instructed that the railroad has a duty to exercise ordinary care so as not to aggravate a known weakened physical condition or disability in an employee by assigning that employee work which the railroad knows, or should have in the exercise of ordinary care known, would aggravate or cause injury to the employee because of the known weakened physical condition or disability. Similarly, where the railroad undertakes the care, treatment, and medical advice of its employees, a duty arises on the part of the physicians selected by the railroad not to qualify an employee for work which the employee would be unable to perform without the likelihood of injury to himself.

The Railway asserts that the instructions violate the spirit of the practice of submitting broad-form questions to the jury. Further, it maintains that the instructions are not explanatory because they have no bearing upon any question the jury must decide. Consequently, the Railway contends, giving these unnecessary instructions implies to the jury that the court believes the law and facts are with the party asserting the duty.

The Railway cites *Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832 (Tex.1986), for

the proposition that instructions on duty confuse the jury by involving it in a legal reasoning process where it has no legitimate role. In *Magro,* the relevant question was whether the trial court's denial of a requested "no duty to warn" instruction was a proper exercise of its discretion. Although the Supreme Court upheld the trial court's denial of the instruction, *Magro* is distinguishable from this case. In *Magro,* a products liability action, the court announced that appropriate questions ask the jury about the existence of a product defect and its causal connection to an accident. The court further held that, "Any additional instructions serve merely to distract the jury's attention from the essential issues of the case." 721 S.W.2d at 836. We decline to interpret this holding as a broad condemnation of duty instructions in all negligence cases.

*Lemos v. Montez,* 680 S.W.2d 798 (Tex. 1984), also cited by the Railway, is a negligence case in which the court condemned the instruction concerning unavoidable accident and the trial court's charge that appended to the correct definition of unavoidable accident the words, " '[T]he mere happening of a collision of motor vehicles is not evidence of negligence.' " In that case the court stated that the jury does not need the instruction and that addenda to the charge are impermissible comments that tilt or nudge the jury one way or the other. 680 S.W.2d at 801.

*Acord v. General Motors Corp.,* 669 S.W.2d 111 (Tex.1984), relied on by the Railway, is a products liability case in which the trial court instructed the jury, in essence, that a manufacturer is not an insurer of the product he designs and is not required to make the product perfect or absolutely safe. The court held that instruction to be an erroneous comment on the weight of the evidence. 669 S.W.2d at 116.

Also asserted as supporting the Railway's position is *First International Bank in San Antonio v. Roper Corp.,* 686 S.W. 2d 602 (Tex.1985), in which the court exam-

ined the propriety of an instruction on sole cause in a products liability case. The court held that the sole cause instruction was "surplusage of the type against which we warned in *Acord.*" 686 S.W.2d at 604. Again the court noted that the only issues for consideration by the jury in products liability cases are the existence of a product defect and its causal connection to the accident. *Id.* at 604.

The Railway seeks to draw a parallel between the erroneous instructions in the cases it cites and the duty instructions in this case. It maintains that those instructions concerned legal matters like duty, and that this Court should accordingly find the duty instructions improper. However, the Railway has not provided sufficient authority to justify reversal of a negligence case on the basis of duty instructions submitted in conjunction with the questions to the jury. While the Railway meritoriously illustrates the growing intolerance of surplus instructions, we decline to extend those holdings. Rather, we conclude that the authorities argued show a trend on the part of the Supreme Court in favor of broad-form questions accompanied only by those instructions which are helpful to the jury rather than by instructions which are confusing or are an indication of how the court believes the case should be decided.

■ The instructions given by the trial court correctly state FELA law. *See, e.g., Inman v. Baltimore & Ohio Railroad Co.,* 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959); *Ybarra v. Burlington Northern, Inc.,* 689 F.2d 147 (8th Cir.1982); *Payne v. Baltimore and Ohio Railroad Company,* 309 F.2d 546 (6th Cir.1962), *cert. denied,* 374 U.S. 827, 83 S.Ct. 1865, 10 L.Ed.2d 1051 (1963). And, substantive rights governed by FELA cannot be interfered with, lessened or destroyed by a state rule of practice or procedure. *Arnold v. Panhandle & Santa Fe Ry. Co.,* 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889 (1957). An instruction is proper if it finds support in any evidence of probative value or in reasonable inferences that may be drawn therefrom, and if

it might be of some aid or assistance to the jury in answering the questions submitted. *Badger v. Symon,* 661 S.W.2d 163 (Tex. App.–Houston [1st Dist.] 1983, writ ref'd n.r.e.). The trial court has a considerable amount of discretion in making this decision, *Mobil Chemical Company v. Bell, supra;* Tex.R.Civ.P. 277. No error accompanied the giving of legally correct instructions in connection with the questions asked the jury in this case, and we find no abuse of discretion. Moreover, even if we perceived error on the part of the trial court in the manner in which it instructed the jury with regard to the two particular questions, the Railway has not shown that the error would have been of the type calculated to cause the rendition of an improper judgment under the facts here present. Tex.R.App.P. 81(b).

Marks raises two cross-points of error. He complains that the contributory negligence questions should not have been submitted because there was no evidence to support them. Marks consequently complains that the trial court erred in reducing the judgment by the percentage of negligence attributed to him.

■ Appellate review of a verdict in an FELA case is governed by federal law. *Dickson v. Burlington Northern Railroad,* 730 S.W.2d 82 (Tex.App.–Fort Worth 1987, writ ref'd n.r.e.). In reviewing the sufficiency of evidence in an FELA case, we adhere to the federal standard that if there is some credible evidence to support the verdict, nothing further is required. *Missouri Pacific Railroad Co. v. Alcorn,* 598 S.W.2d 352 (Tex.Civ.App.–Houston [14th Dist.] 1980, writ ref'd n.r.e.), *cert. denied,* 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981); 45 U.S.C.A. §§ 51–60 (1986). This same test is applied to "no evidence" points under the Texas standard of review. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Marks, a sixteen-year employee, had been under the care of Dr. Walker Hart since November 1984, had suffered low back pain on and off for two years, and was unable to do heavy labor. On the day of the accident Marks was repairing dam-age to the Railway's main line and a passing track. The damage to the passing track was such that replacement cross-ties could only be brought by a tie holder to a location that was twenty-five to thirty yards away. They then had to be brought to the work site manually, because the Railway did not provide the necessary equipment. Marks and a fellow employee carried the cross-ties to the location. Cross-ties are usually slid downhill rather than carried by hand. The custom for carrying cross-ties is for four people to carry it or two people with tie tongs on each side to drag it. We feel some evidence of Marks's negligence existed to justify the submission of the question to the jury.

■ Marks also claims that the Railway brought this appeal without sufficient cause for the purpose of delay, and he asks this Court to assess a penalty of ten percent of the amount of the damages awarded to Marks pursuant to Tex.R.App.P. 84. The right of appellate review will not be penalized absent a showing that the appellant had no reasonable ground to believe that the judgment would be reversed. *Gaines v. Frawley,* 739 S.W.2d 950, 956 (Tex.App.–Fort Worth 1987, no writ). Marks makes no such showing.

We affirm the trial court's judgment.