**Cheryl Ann CRAWFORD, Individually and as Independent Executrix of the Estate of Russell Mac Crawford, Deceased, and as Next Friend of Christopher Scott Crawford, a Minor Child, and Suzanne Christine Crawford Sykes, Appellants,**

v.

**Kenneth H. DEETS, Garland R. Dean, Larry E. Sharp, Individually, and University Park Clinic, a Partnership, Appellees.**

No. 2–91–101–CV.

Court of Appeals of Texas, Fort Worth.

April 7, 1992.

Rehearing Overruled May 13, 1992.

Jonès & Edwards, Charles E. Jones, Jr., Sweetwater, for appellants.

Oldham & Barnard, Charles Oldham, Wichita Falls, for Kenneth H. Deets, Deceased, and Garland R. Dean.

McCleskey, Harriger, Brazill & Graf, L.L.P., Jim Hund and Mike Worley, Lubbock, for Larry E. Sharp and University Park Clinic.

Before HILL, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

In this medical malpractice case, appellants, Cheryl Crawford, individually and as executrix of the estate of Russell Crawford, Christopher Crawford, and Suzanne Sykes, appeal from a take-nothing judgment from a jury verdict which found no negligence on the part of appellees, Kenneth H. Deets, Garland R. Dean, and Larry E. Sharp.

We affirm.

On November 27, 1986, Russell Crawford died at his home from a colloid cyst, a rare type of ventricular tumor. Mr. Crawford sought treatment at the University Park Clinic in Wichita Falls, Texas. Crawford began experiencing headaches in June of 1986, and between July 28, and November 26, of 1986 Crawford saw the appellees who were the "on call" physicians at the clinic. Crawford's neurological exams showed no brain tumor, so he was treated for sinus headaches. The jury found that none of the defendants were negligent.

Appellants present twenty-one points of error. In their first and second points of error, they argue the trial court erred in denying them the right to question the jury during voir dire concerning the "lawsuit crisis" or the "liability insurance crisis." However, appellants obtained this ruling by the trial court at a hearing for motions in limine, not during the trial in open court. The overruling of a motion in limine may never be reversible error. *Hartford Accident & Indemnity Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963). Appellants' first and second points of error are overruled.

In their third point, appellants complain the trial court erred in refusing to allow them to plead a cause of action for a loss of chance of survival. The "loss of chance" doctrine maintains that a plaintiff should be allowed to recover when a doctor's or hospital's actions have diminished that plaintiff's chance of survival. *See Kalsbeck v. Westview Clinic, P.A.*, 375 N.W.2d 861, 870 (Minn.Ct.App.1985). No Texas court has clearly held that the loss of chance doctrine is applicable in Texas. The Thirteenth District Court of Appeals has alluded to the doctrine in dicta on two occasions. *Brownsville Medical Ctr. v. Gracia*, 704 S.W.2d 68, 76 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Valdez v. Lyman–Roberts Hosp.*, 638 S.W.2d 111 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Furthermore, instituting a new cause of action such as loss of chance of survival is better left to the legislature or the supreme court.

Moreover, if we were to hold that the trial court erred in refusing to allow the cause of action, in the present case, it would not be applicable since the jury found the defendants were not negligent. The trial court did not commit reversible error when it ordered appellants to replead their claim of damages for Russell Mac

Crawford's loss for a chance of survival. Appellants' third point of error is overruled.

■ In their fourth, fifth, and sixth points of error, appellants complain the appellees failed to produce their financial statements and income tax returns and the trial court erred in refusing to compel them to do so. In accordance with TEX.R.APP.P. 81(b)(1):

> (1) *Civil Cases.* No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case....

*Id.* In the present case, as the jury returned a finding of no negligence on the part of appellees, the punitive damages issue was never reached. Thus, we do not find that the trial court committed error which amounted to a rendition of an improper judgment. Appellants' fourth, fifth, and sixth points of error are overruled.

■ In their seventh and eighth points of error, appellants argue the trial court abused its discretion in granting the motion for new trial filed by University Park Clinic. On November 1, 1990, appellants obtained an interlocutory default judgment against the Clinic. On November 6, 1990, the Clinic timely filed a motion for new trial which was granted. Under rule 329b of the Texas Rules of Civil Procedure the trial court retained jurisdiction over the cause and had plenary power over its judgment until thirty days after expiration of the time for overruling the motion for new trial, and within that time the court had power to vacate or modify the judgment or grant a new trial. *Burroughs v. Leslie,* 620 S.W.2d 643, 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). An order granting a new trial within that period is not subject to review whether by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court. *Id.* at 644. Appellants' points of error seven and eight present nothing for review and are overruled.

■ In their ninth point, appellants complain the trial court erred in granting the motion for summary judgment filed by University Park Clinic, P.A. In their motion for summary judgment, appellees asserted that University Park Clinic, P.A. was not formed until April 13, 1989, and that prior to its formation, University Park Clinic was an office sharing arrangement between the various physicians, who were each conducting their practice as a sole proprietorship. Appellants argue University Park Clinic, P.A. is a succeeding corporation which should not avoid tort liability through corporate transformations or changes in form only, and that a question of fact existed as to the assumption of liabilities and transfer of assets.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.*

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not

be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47.

In the present case, appellants argue a genuine issue of material fact exists as to the *assumption* of liabilities and transfer of assets. The summary judgment proof consisted of uncontroverted affidavits by Garland R. Dean, M.D. and Jerry Alexander, D.O., stating that no real property, equipment, or other property or supplies were transferred to University Park Clinic, P.A. by any of the stockholders. And further, that University Park Clinic, P.A. did not assume liability for any claims for conduct occurring prior to its formation. We find that no material fact exists as to the transfer of liabilities and assumption of assets. Moreover, the jury found no negligence on the part of the appellees, thus, there would be no liability on the part of University Park Clinic, and any error in granting the Clinic's motion for summary judgment would be harmless. Tex. R.App.P. 81. Appellants' ninth point of error is overruled.

In their tenth point, appellants argue that the court erred in refusing to admit a video tape which was not produced pursuant to a proper request for production. In pretrial discovery, Deets and Dean requested appellants to produce (i) each and every exhibit they intended to introduce at trial and (ii) any demonstrative evidence they intended to show to urging any objections to either of the requests for production, appellants responded that "no such documents exist." Appellants assert that a request for production of all "photographs" does not include video tapes. Appellants were obligated to produce the tape, the trial court did not commit error in disallowing the evidence. Tex.R.Civ.P. 215. Moreover, predicates for complaints on appeal must be preserved at trial court level by motion, exception, objection, plea in abatement or some other vehicle. *See* Tex. R.App.P. 52. At the time of the attempted introduction of the video tape the court stated:

> THE COURT: ... At this time, sir, you may dictate your objections and exceptions into the record.

> MR. JONES: I don't really have any, Your Honor.

This point has not been properly preserved for review. *Id.* Appellants' tenth point of error is overruled.

In their eleventh point, appellants complain the trial court committed reversible error when it excluded Dr. Janese's testimony based upon hypothetical questions. Appellants argue that the trial court has "considerable latitude" in determining whether the hypothetical question is based upon a fair assumption of the facts in evidence, and that the evidence she was attempting to introduce through the hypothetical question was corroborated by other evidence. Janese was asked several hypothetical questions based upon a myriad of factual assumptions. One fact situation Janese was asked to assume went as follows:

> The patient next presents himself at the clinic on August 10 of 1986. He is complaining of two problems at that time. He has a fistula which needs to be lanced. He is also complaining of a headache with congestion.

Appellees objected to the hypothetical questions because there was no evidence that Mr. Crawford, while at the Clinic on August 10, 1986, complained of a headache. Appellants are correct in stating that the trial court has considerable latitude in determining whether the hypothetical questions posed to Janese were based upon a fair assumption of the facts. *See Foreman v. Texas Employers' Ins. Ass'n,* 150 Tex. 468, 241 S.W.2d 977, 980 (1951). Hypothetical questions should be restricted, however, to facts in evidence. *J. Weingarten, Inc. v. Tripplett,* 530 S.W.2d 653, 655 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). There was no evidence in the record that Mr. Crawford complained of headaches on his August 10th visit. The trial court properly excluded the hypothetical questions referring to headaches on Crawford's August 10th visit. Appellants' eleventh point of error is overruled.

In their twelfth, thirteenth, and fourteenth points, appellants argue the trial court erred in refusing to submit the

requested jury submissions, and further that the ones the court did submit were too global. Jury questions one, two, and three were submitted as follows:

## QUESTION NO. 1

Did the negligence, if any, of Dr. Kenneth Deets proximately cause the death of Russell Mac Crawford?

Answer "Yes" or "No."

## QUESTION NO. 2

Did the negligence, if any, of Dr. Garland Dean proximately cause the death of Russell Mac Crawford?

Answer "Yes" or "No."

## QUESTION NO. 3

Did the negligence, if any, of Dr. Larry Sharp proximately cause the death of Russell Mac Crawford?

Answer "Yes" or "No."

TEX.R.CIV.P. 277 specifically authorizes broad-form submission. However, appellants argue it is not feasible in a complex medical negligence case to submit broad-form questions. The Texas Supreme Court has said that in an ordinary negligence case, where several specific acts of negligence are alleged and evidence as to each is introduced, the submission of a broad issue inquiring generally whether the defendant was negligent is not error and is not subject to the objection that the single issue inquires about several elements or issues. *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245, 255 (Tex.1974). The court then explained in a later decision that rule 277 was designed to abolish the "distinctly and separately" requirement. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 937 (Tex.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). In the 1988 amendments to rule 277 the court said broad-form submission "shall" be used "whenever feasible" and eliminated trial court discretion to submit separate questions with respect to each element of a cause. *See* TEX.R.CIV.P. 277. Unless ex-

traordinary circumstances exist, a court must submit such broad-form questions. *Texas Dep't of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990) (opinion on reh'g).

In the present case, no extraordinary circumstances exist, and broad-form submission was feasible and proper. Moreover, the questions requested by appellants were not raised by the evidence. Appellants' twelfth, thirteenth, and fourteenth points of error are overruled.

■■■■ In their fifteenth, sixteenth, seventeenth, and eighteenth points of error, appellants argue the trial court erred in refusing to submit requested jury instructions. At trial appellants requested that an instruction accompany each issue which would give the jury some guidance and focus on the specific acts of negligence alleged. TEX.R.CIV.P. 277 provides that the trial court shall submit such explanatory instructions and definitions as would be proper to enable the jury to render a verdict. *Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832, 836 (Tex.1986). A trial court's refusal to submit requested instructions will not be overturned on appeal unless the court abused its discretion. *Id.*

As stated above, the trial court properly submitted broad-form questions to the jury in this case. The instructions accompanying these questions were substantially in accordance with 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 2.04 & 2.01 (1989). The trial court did not abuse its discretion in submitting these instructions. Appellants' fifteenth, sixteenth, seventeenth, and eighteenth points of error are overruled.

Finally, in their nineteenth, twentieth, and twenty-first points of error, appellants argue the jury finding that the appellees were not negligent was against the great weight and preponderance of the evidence.

■■■ In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well

as evidence which tends to disprove its existence. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

▮ In the present case, there was evidence at trial that experts from both sides testified that colloid cysts are "very rare" and difficult to diagnose. One expert, Dr. Burross, also testified that appellees complied with the applicable standard of care. Burross, who had practiced medicine in Wichita Falls for thirty-four years, testified that appellees did not act negligently in the manner in which they treated Crawford. Additionally, Dr. Scott, a pathologist, testified that diagnosing colloid cysts was extremely difficult. Although appellants' expert testified that an emergency CT scan or trephination would have decompressed the patient and saved him; he also testified that colloid cysts are "very rare" and that he "wouldn't have anything to criticize their [appellees'] care." Additionally, other experts also testified that appellees met the applicable standard of care. After viewing all the evidence, we find the jury's finding that appellees were not negligent was not against the great weight and preponderance of the evidence. Appellants' nineteenth, twentieth, and twenty-first points of error are overruled.

Judgment affirmed.