FLUOR DANIEL, INC., Appellant,

v.

Norman BOYD, Appellee.

No. 13–94–488–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1996.

Rehearing Overruled Feb. 13, 1997.

Sandra Sterba–Boatwright, M.W. Meredith, Jr., Clay E. Coalson, Meredith, Donnell & Abernethy, Corpus Christi, for appellant.

Charles A. Hood, Port Lavaca, Gary M. Pritchard, Neel, Seymore, Price & Livingston, Houston, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Norman Boyd, appellee, sued Fluor Daniel, Inc., appellant, for wrongful termination under the Texas Workers' Compensation Act. After a bifurcated trial, the jury awarded Boyd actual and punitive damages, and the trial court entered judgment on the verdict. By ten points of error, Fluor Daniel challenges the legal and factual sufficiency of the evidence, complains of charge error, and attacks two evidentiary rulings. We reverse and remand for a new trial.

Fluor Daniel employed Boyd as a pipe fitter working on a project at BP Chemical Company's Green Lake Plant. In 1989, Fluor Daniel was performing maintenance on the plant while it was shut down. Boyd was told that the plant's reactor chamber was empty, and he agreed to open the manway into the reactor. The reactor was not empty, however, and Boyd was sprayed with a potentially harmful catalyst. Boyd and a co-worker were taken to the safety building where they showered and gave their contaminated clothing to Keith Timms, the plant safety manager.

Boyd's foreman, Joe Heatwole, prepared a safety report on the incident. Boyd and Heatwole both testified that Jack Penley, the Fluor Daniel plant supervisor, received a copy of the safety report. Penley did not remember receiving the safety report, but he did not dispute that the incident occurred.

Boyd inhaled some of the catalyst and, consequently, saw the plant nurse and company doctor on several occasions over the next months. Boyd expressed interest in consulting a specialist, but Timms encouraged Boyd to keep seeing the company doctor "for a little longer and see what's going to happen." When Boyd insisted on seeing a specialist, Timms said, "You have that prerogative to go see another doctor." Penley testified that Fluor Daniel's policy regarding on-the-job injuries involved an initial consultation with the company doctor who either provided treatment or referred the worker to a specialist. Penley said the company's policy was to allow employees to "seek other attention if they desired." Finally, Penley testified that Fluor Daniel managers did not decide whether an employee would be referred to a specialist. Instead, Penley suggested that any referral was decided among the insurance company, the employee, and the doctors involved.

The parties presented conflicting evidence regarding events of the day before Boyd was laid off. Boyd testified that he was told he would not be allowed to continue treatment with a specialist, but Penley denied this. Boyd also said that he was relegated to painting trash dumpsters, but Fluor Daniel characterized this assignment as an effort to reduce Boyd's exposure to chemicals as recommended by his doctor. Penley further testified that Fluor Daniel did not discriminate against employees who pursued workers' compensation claims.

The parties offered contradictory testimony regarding Fluor Daniel's attitude toward injured workers, but they agreed that when

Boyd was laid off he had not missed any work, filed a claim for workers' compensation, or hired an attorney.

The issue of whether Fluor Daniel wrongfully terminated Boyd was submitted to the jury as follows:

Question Number: 1

Do you find from a preponderance of the evidence that Fluor Daniel, Inc., discharged or otherwise discriminated against Norman Boyd in violation of the Texas Workers' Compensation Act?

Answer: "Yes" or "No"

Answer: _____

The Texas Workers' Compensation Act provides that no person may discharge or in any other manner discriminate against an employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted in good faith, any proceeding under the Texas Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

In answering this special issue, you are instructed that informing a supervisor of an on-the-job injury and requesting and receiving medical care for that injury maybe [sic] institution of a claim under the Texas Workers' Compensation Act.

You are further instructed that in answering this special issue, the institution of a claim under the Texas Workers' Compensation Act need not be the sole or only reason for the discharge or discrimination; it is enough that it be a reason, or one of several reasons, for the discharge or discrimination.

The charge also included questions on damages and on the willful or malicious nature of Fluor Daniel's conduct as well as routine instructions regarding the jury deliberation process. The charge concluded with the judge's signature, a separate page for the jurors' signatures certifying their verdict, and one final page with the following additional instruction:

You are further instructed that, under the Texas Workers' Compensation Act, an in-

jured employee has a right to see a doctor of his own choice.

This last instruction was nearly omitted when the court read the charge to the jury, but the court reporter called the judge's attention to the last page. The court asked counsel, "Did you guys intend for this to be here? This last page?" After Boyd's attorney admitted that he did not realize the additional instruction was included with the charge, the court asked whether he wanted the instruction submitted to the jury. At the request of Boyd's attorney, the additional instruction was read to the jury. Fluor Daniel did not object to the submission of the additional instruction until after the jury had retired to deliberate.

■■■ By its first point of error, Fluor Daniel complains that the following instruction was an improper comment on the weight of the evidence:

In answering this special issue, you are instructed that informing a supervisor of an on-the-job injury and requesting and receiving medical care for that injury maybe [sic] institution of a claim under the Texas Workers' Compensation Act.

Fluor Daniel further argues that this instruction assumed the truth of the disputed fact that Boyd had instituted a workers' compensation proceeding. Boyd contends, however, that Fluor Daniel failed to preserve this point of error because it did not properly raise this complaint before the trial court.

■■■ An objection to the charge will be considered effective if it plainly made the court aware of the party's complaint. *State Dept. of Highways v. Payne*, 838 S.W.2d 235, 241 (Tex.1992) (op. on reh'g). At the charge conference, Fluor Daniel objected as follows:

Defendant, Fluor Daniel, Inc., objects to Question Number One in that there is no evidence that, at the time Norman Boyd was discharged, that he had, in fact, filed a Workers' Compensation claim, hired a lawyer to represent him in a claim, instituted or caused to be instituted, in good faith, any proceeding under the Texas Workers' Compensation Act. This is the statutory definition from Article 83.07(c) [sic]. The evidence, in fact, is that Norman Boyd had not taken any of those steps.

The Defendant further objects to Question Number One, the second instruction, wherein it is stated that, in answering the special issue the Jury is instructed that informing a supervisor of an on-the-job injury and requesting and receiving medical care for that injury may be institution of a claim under the Texas Workers' Compensation Act, for reason that the instruction is a comment on the law. It is improper. The instruction goes further than the language of the Act, itself. The Texas Supreme Court has not approved such instruction nor has the Texas Supreme Court ever ruled that Article 83.07(c) [sic] can be interpreted in such a manner.

*See* Tex.Rev.Civ. Stat. Ann. art. 8307c, § 1 (repealed 1993)(current version at Tex. Lab. Code Ann. § 451.001 (Vernon Supp.1996)). By these objections, the trial court was plainly informed of Fluor Daniel's complaint that the instruction improperly presented the disputed issue of whether Boyd instituted a workers' compensation proceeding. Accordingly, we hold that Fluor Daniel preserved any error. Having determined that Fluor Daniel has not waived the right to appellate review of its complaint, we will address the point of error on the merits.

 The trial court has wide discretion to determine the sufficiency of the definitions and instructions incorporated into its charge to the jury. *Plainsman Trading Co. v. Crews,* 898 S.W.2d 786, 791 (Tex.1995). To show that the trial court abused its discretion, an appellant must demonstrate that the court acted arbitrarily and unreasonably or without reference to guiding principles. *See Metropolitan Life Ins. Co. v. Syntek Fin. Corp.,* 881 S.W.2d 319, 321 (Tex.1994) (per curiam) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)). The chief guiding principle the trial court should refer to when submitting instructions and definitions is Rule 277, which provides:

> The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict.
>
> . . . .

> The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally comments on the weight of the evidence or advises the jury of the effect of their answers when it is properly a part of an instruction or definition.

Tex.R. Civ. P. 277.

 Generally, an instruction is proper if it is legally correct and it assists the jury. *Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768, 822 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). An instruction may be improper, however, if it is unnecessary to enable the jury to pass upon the issues in the case. *Wisenbarger v. Gonzales Warm Springs Rehab. Hosp., Inc.,* 789 S.W.2d 688, 693 (Tex.App.—Corpus Christi 1990, writ denied) (citing *Acord v. General Motors Corp.,* 669 S.W.2d 111, 116 (Tex. 1984)). A superfluous instruction amounts to an improper comment on the case as a whole when the case is "closely contested" and the excess instruction may tilt the jury by emphasizing extraneous factors. *Acord,* 669 S.W.2d at 116; *see also First Int'l Bank v. Roper Corp.,* 686 S.W.2d 602, 605 (Tex.1985); *Lemos v. Montez,* 680 S.W.2d 798, 800 (Tex. 1984); *Levermann v. Cartall,* 393 S.W.2d 931 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.).

The Texas Supreme Court has repeatedly held that the jury charge for a statutory cause of action should track the statutory language as closely as possible. *See Spencer v. Eagle Star Ins. Co. of Am.,* 876 S.W.2d 154, 157 (Tex.1994); *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 937 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980); *see also Gilgon, Inc. v. Hart,* 893 S.W.2d 562, 566 (Tex.App.— Corpus Christi 1994, writ denied). Although the jury question in the case under review otherwise tracks the statute, the disputed instruction departs from the language of the statute. *See* Tex.Rev.Civ. Stat. Ann. art. 8307c, § 1 (repealed 1993)(current version at Tex. Lab.Code Ann. § 451.001 (Vernon Supp. 1996)). Neither the supreme court nor any

other Texas court has approved use of the instruction at issue or any similar instruction. Likewise, the Pattern Jury Charge tracks the statute as required by the Texas Supreme Court and does not suggest use of the instruction. 2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 29.01.

Moreover, the disputed instruction was unnecessary to enable the jury to decide the case. The court told the jury that matters of law would be resolved under the instructions and that the jury would be asked to settle questions of fact by reference to the evidence. At trial in this case, Boyd conceded that when he was laid off he had not missed any work, filed a workers' compensation claim, or hired an attorney. If these circumstances had precluded a determination that Boyd instituted a claim as a matter of law, the trial court would not have asked the jury to resolve this issue as a question of fact. Instead, the court would have removed the question from the jury's consideration. *See Tunnell v. Otis Elevator Co.,* 400 S.W.2d 781, 784 (Tex.Civ.App.—Amarillo 1965), *writ ref'd n.r.e. per curiam,* 404 S.W.2d 307 (Tex.1966). The instruction served no legitimate purpose because the jury had been previously instructed that it would be charged with the resolution of fact issues. Because the excess instruction placed undue emphasis on an extraneous factor to be considered by the jury in reaching its verdict, the instruction was an improper comment on the case. *First Int'l Bank,* 686 S.W.2d at 605; *Lemos,* 680 S.W.2d at 800; *Acord,* 669 S.W.2d at 116.

■ Having determined that the instruction was improper, we must nevertheless affirm the judgment unless the error "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment." TEX.R.APP. P. 81(b)(1). In this case, the question of whether Boyd instituted a workers' compensation proceeding was a closely contested issue in light of Boyd's admission that he missed no work, filed no claim for workers' compensation, and did not hire an attorney until after he was fired. The effect of the improper instruction was to inform the jury that it could consider certain uncontested facts as a sufficient predicate for Boyd's wrongful termination claim. Accordingly, the disputed instruction probably caused rendition of an improper verdict, and we sustain Fluor Daniel's first point of error.

By its second, third, and fourth points of error, Fluor Daniel complains of the final instruction that was attached to the charge after the judge's signature and after the certificate of the jury's verdict. The trial court's submission of the instruction under the circumstances of this case was clearly erroneous, but it is unclear whether Fluor Daniel preserved this error for appellate review. We need not reach this issue, however, in light of our ruling on Fluor Daniel's first point of error. TEX.R.APP. P. 90(a). Remand for a new trial is the proper remedy for Fluor Daniel's first point of error. Accordingly, we will address the remaining points of error only to the limited extent that they might require the rendition of a take-nothing judgment.

■ Under its fifth point of error, Fluor Daniel contends that the record contains no evidence to support the jury's finding of actual damages. Such a challenge to the legal sufficiency of the evidence requires that we consider only evidence and inferences supporting the finding and disregard all contrary evidence and inferences. *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995); *Cantu v. Butron,* 921 S.W.2d 344, 348 (Tex.App.—Corpus Christi 1996, writ denied). To succeed on its legal insufficiency claim, Fluor Daniel must show that the record contains no more than a scintilla of evidence to support the jury's award. *See Holloway v. Skinner,* 898 S.W.2d 793, 796 (Tex.1995); *Cantu,* 921 S.W.2d at 348. In other words, the point should be overruled if "the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Burroughs Wellcome,* 907 S.W.2d at 499 (quoting *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994)).

The damage question directed the jury to consider Boyd's lost wages and employee benefits as well as Boyd's mental anguish. The evidence in this case shows that Boyd

earned over $30,000 for 295 days work during the year prior to his termination and that he was paid $13.15 an hour for working eight hour days at the time he was fired. Considering this evidence and testimony that Boyd was out of work for 102 days, the record contains more than a scintilla of evidence to support over $10,000 in lost wages alone. Fluor Daniel is not entitled to a take-nothing judgment.

Fluor Daniel's remaining points of error either involve issues that are not clearly or fairly separable from the issues we are remanding or would warrant the same relief that we have already granted. Accordingly, we REVERSE the trial court's judgment and REMAND the case for a new trial without reaching any further issues. *See* TEX. R.APP. P. 81(b)(1), 90(a).